UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAPELLA PHOTONICS, INC., | No. C-14-3348 EMC |
| Plaintiff, | **CONSOLIDATED CASES** |
| v. | C-14-3349 EMC |
| CISCO SYSTEMS, INC., *et al.* | C-14-3350 EMC<br>C-14-3351 EMC |
| Defendants. _____/ | **ORDER DENYING DEFENDANT CISCO'S MOTION TO STAY PENDING INITIAL DETERMINATIONS BY THE PATENT OFFICE**<br><br>**(Docket No. 113)** |

On September 25, 2014, Defendant Cisco Systems, Inc., filed a motion requesting a stay of these proceedings pending a determination by the U.S. Patent Office whether to institute *inter partes* review (IPR) proceedings of the two patents-in-suit.[1] Docket No. 113. Plaintiff Capella Photonics, Inc., filed its opposition on October 7, 2014. Docket No. 124. The Court has considered the parties' submissions and determined that this matter is appropriate for resolution without oral argument. *See* Civil Local Rule 7-1(b). For the reasons set forth below, the Court **DENIES** Cisco's motion for a pre-institution stay.

## I.   BACKGROUND

Plaintiff Capella Photonics filed this patent infringement lawsuit on February 12, 2014. Docket No. 1. The Complaint alleges infringement of two U.S. patents, U.S. Patent No. RE42,678 (the '678 patent) and U.S. Patent No. RE39,397 (the '397 patent). *Id.* Cisco filed an IPR petition

---

[1] None of Cisco's co-defendants joined in Cisco's motion, although they do not oppose Cisco's request for a stay. *See* Docket No. 113 at 1 n.1.

1  regarding the '368 patent on July 15, 2014.  Docket No. 113-3.  It filed an IPR petition regarding the
2  '678 patent on August 12, 2014.  Docket No. 113-4.  Both IPR petitions seek review of all of the
3  asserted claims of the patents-in-suit.  *See* Docket No. 113 at 1.  The Patent Trial and Appeal Board
4  (PTAB) is obliged to act on both petitions by February 24, 2015.

## II.  LEGAL STANDARD & DISCUSSION

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citations omitted).  However, a "court is under no obligation to delay its own proceedings" where parallel litigation is pending before the PTAB.  *See Robert Bosch Healthcare Systems, Inc. v. Cardiocom, LLC*, C-14-1575 EMC, 2014 WL 3107447 at *2 (N.D. Cal. Jul. 3, 2014).  This is especially true when the Patent Office has yet to decide whether to institute IPR proceedings.  *See, e.g.*, *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1315-16 (Fed. Cir. 2014) (noting that the case for a stay is "stronger after post-grant review has been instituted"); *Loyalty Conversion Sys. Corp. v. American Airlines, Inc.*, 13-CV-665, 2014 WL 3736514 at *1-2 (E.D. Tx. Jul. 29, 2014) (Bryson, J.) (noting that the "majority of courts . . . have denied stay requests when the PTAB has not yet acted on the petition for review").

In determining whether to stay this litigation, the Court considers three factors: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Robert Bosch*, 2014 WL 3107447 at *3 (citation omitted).  The first factor (the stage of litigation) is essentially neutral.  This case is in the earliest stages and little discovery has been conducted.  However, preliminary infringement and invalidity contentions have been exchanged, *see* Docket Nos. 25, 39, and the case has now been pending since February 2014.  Moreover, the Court recently issued a scheduling order providing for immediate (albeit limited) discovery relating to claim construction.  Docket No. 122.  The Court notes that the major deadlines set in that Order were purposefully selected in order to occur after the PTAB is expected to rule on Cisco's IPR petitions.  Should the petitions be granted, the Court could stay those remaining deadlines, saving the Court and the parties significant effort and expense.

The second factor (simplification of issues and trial) is similarly neutral. As Federal Circuit Judge Bryson recently explained, sitting by designation in the Eastern District of Texas, "a stay *could* simplify the issues in this case and streamline the trial – or even obviate the need for a trial – but only if the PTAB grants the petition" for review. *Loyalty Conversion Sys.*, 2014 WL 3736514 at *2 (emphasis added). "Because it is speculative whether the PTAB will grant the petition, [the second] factor does not cut in favor of a stay." *Id.*

The third factor (prejudice) is also neutral. The Court has limited ongoing discovery to discrete issues concerning claim construction, and has set a number of the significant upcoming deadlines to occur swiftly after the PTAB's decision regarding Cisco's IPR petitions. The burden on the parties of engaging in this limited discovery should be reasonably confined, particularly because the Court will consider a renewed motion for a stay should the PTAB choose to institute IPR proceedings with respect to either of the patents-in-suit.

Because none of the stay factors weigh in favor of granting a stay at this time, and given that the PTAB's decision on Cisco's IPR petitions is expected relatively soon, the Court **DENIES** Cisco's motion for a pre-institution stay of these proceedings. While allowing some discovery to move forward in the interim, the Court's scheduling order already defers claim construction until shortly after the PTAB's expected ruling on the petitions. The Court has endeavored to minimize delay; it has set a prompt schedule for claim construction should the PTAB deny the IPR petitions. As previously indicated, the denial of the motion for a complete stay is without prejudice to Cisco bringing a renewed motion for a stay should the Patent Office choose to institute IPR proceedings against either of the patents-in-suit.

This order disposes of Docket No. 113.

IT IS SO ORDERED.

Dated: October 14, 2014

_____
EDWARD M. CHEN
United States District Judge

3