1  [Counsel Information Listed On Signature Page]

2

3
UNITED STATES DISTRICT COURT
4
NORTHERN DISTRICT OF CALIFORNIA
5
SAN FRANCISCO DIVISION
6

7

8  CAPELLA PHOTONICS, INC.,                    No.  3:14-CV-03348-EMC

9              Plaintiff,                        **UPDATED JOINT CASE MANAGEMENT STATEMENT**

10 v.

11 CISCO SYSTEMS, INC.,

12              Defendant.

13 CAPELLA PHOTONICS, INC.,                     No.  3:14-CV-03349-EMC

14              Plaintiff,

15 v.

16 FUJITSU NETWORK
   COMMUNICATIONS, INC.,

17              Defendant.

18 CAPELLA PHOTONICS, INC.,                     No.  3:14-CV-03350-EMC

19              Plaintiff,

20 v.

21 TELLABS OPERATIONS, INC. AND
   CORIANT (USA) INC.,

22              Defendant.

23

24 CAPELLA PHOTONICS, INC.,                     No.  3:14-CV-03351-EMC

25              Plaintiff,

26 v.

27 CIENA CORPORATION,

28              Defendant.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

Lead counsel for Plaintiff Capella Photonics, Inc. ("Capella" or "Plaintiff"), and Defendants Ciena Corporation ("Ciena"), Cisco Systems, Inc. ("Cisco"), Fujitsu Network Communications, Inc. ("FNC"), Tellabs Operations, Inc. ("Tellabs Ops"), and Coriant (USA) Inc. ("Coriant") (collectively "Defendants") (together with Plaintiff, "the parties") submit this Updated Joint Case Management Statement for the above-captioned cases (collectively, the "Related Actions") pursuant to the Court's Order (DE 137) and DE 135 ("Clerk's Notice") as follows:

## I.     <u>JURISDICTION AND SERVICE</u>

This Court has subject matter jurisdiction over Plaintiff's claims for patent infringement brought under the patent laws of the United States, 8 U.S.C. §§ 1331, 1338, and 35 U.S.C. § 1, et seq.  No issues exist regarding personal jurisdiction or venue, and no parties remain to be served.

## II.    <u>FACTS</u>

**Plaintiff's Factual Statement:**  Plaintiff Capella accuses Defendants of infringing, literally and equivalently, United States Patent Nos. RE42,368 ("the '368 Patent") and RE42,678 ("the '678 Patent") (collectively "the Patents-in-Suit").

The '368 Patent, according to its face, (i) was issued on May 17, 2011, (ii) is titled "Reconfigurable Optical Add-Drop Multiplexers with Servo Control and Dynamic Spectral Power Management Capabilities," and (iii) states that it is a reissue of United States Patent No. 6,879,750.  The '678 Patent, according to its face, (i) was issued on September 6, 2011, (ii) is titled "Reconfigurable Optical Add-Drop Multiplexers with Servo Control and Dynamic Spectral Power Management Capabilities," (iii) states that it is a reissue of United States Patent RE39,397, and (iv) further states that that patent is a reissue of United States Patent No. 6,625,346.

Defendants all make, use, sell, offer to sell, or import in the United States reconfigurable optical add drop multiplexers ("ROADMs").  Defendants' ROADMs employ wavelength selective switch (WSS) components.  The WSS components use a "switching engine" subcomponent.  The switching engine subcomponent can be made out of micro-electro-mechanical ("MEMs") systems, liquid crystal on silicon ("LCoS"), or a combination of MEMs and liquid crystal.  Regardless of which switching engine subcomponent of the WSS component

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

1

JOINT CMC STATEMENT
3:14-CV-03348-EMC

is used in Defendants' ROADMs, their ROADMs infringe the Patents-in-Suit. Capella's preliminary infringement contentions accuse Defendants' ROADM products, regardless of whether they use LCoS or MEMs subcomponents. Capella's detailed claim charts accompanying its preliminary infringement contentions use publicly available information and documents that describe Defendants' ROADMs, regardless of whether they use MEMs or LCoS subcomponents. In November, when Defendant Cisco requested confirmation that Capella did, in fact, intend to accuse both MEMs and LCoS ROADMs, Capella so confirmed in both a meet and confer (on November 12) and in subsequent email correspondence. When Defendant Ciena attempted to limit its accused products to MEMs-based ROADMs from a specific component provider (JDSU), Capella confirmed that its infringement contentions were not limited to MEMs-based ROADMs or to ROADMs that use only one component manufacturer's components. Despite producing over 770,000 pages of documents for Patent Local Rule 3-4, Ciena has not provided documents on its LCoS-based ROADMs. Other Defendants may also have withheld documents on accused products, as indicated by correspondence received on the day of this filing (December 11) in which at least defendant FNC stated that it refused to include ROADMs with LCoS subcomponents as accused products.

Capella seeks a judgment declaring that Defendants have infringed, and continue to infringe, the Patents-in-Suit through their making, using, selling, offering to sell, and/or importing ROADMs, and that Defendants' infringement has been willful. Capella further seeks damages adequate to compensate Capella for Defendants' infringement, including but not limited to pre-judgment and post-judgment interest, costs, and the expenses of litigation. Capella also requests that this Court permanently enjoin Defendants from further infringing the Patents-in-Suit.

**Defendants' Factual Statement:** Defendants filed their Answers to the original Complaints and later Amended Complaints. Defendants contend that they do not infringe, directly, indirectly or willfully, the asserted claims, and further contend that those claims are invalid and/or unenforceable under the prior art and/or for failure to meet the requirements of 35 U.S.C. §§ 101, 102, 103, 111, 112 and 116. Defendants also assert other affirmative defenses, and contend that Capella is not entitled to injunctive relief.

1         Starting on April 4, 2014, with Cisco's Answer, Defendants filed in Florida various

2   motions to transfer Capella's cases to this District.  The Florida Court did so on July 23, 2014.

3         Prior to the transfer, by May 24, 2014, Capella had served infringement contentions on

4   each of the Defendants.  Capella's infringement contentions only accuse Defendants' products

5   that use MEMS mirror-based WSSs and do not mention other types of WSSs such as LCOS-

6   based WSSs or other liquid crystal-based WSSs.  **Defendants understand that this case is limited**

7   **to** Defendants' products identified in Capella's infringement contentions that use MEMS mirror-

8   based WSSs, and does not include Defendants' products that use other types of WSSs such as

9   LCOS-based or other liquid crystal-based WSSs. On May 19, 2014, Defendants served their

10  invalidity contentions on Capella.  The parties served initial lists of terms for claim construction

11  on June 23, 2014, but have not met and conferred to determine which, if any, of those terms are

12  actually in dispute.

13        On July 15, 2014, Cisco filed a petition for *inter partes* review (IPR2014-01166) on the

14  '368 patent.  Cisco filed a petition (**IPR2014-01276**) on the '678 patent less than a month later.

15  The two **IPR petitions address every asserted claim against each of the Defendants.**  Capella filed a

16  preliminary response to the '368 petition on November 5, 2014 and a preliminary response to the

17  '678 petition on November 24, 2014. The parties can expect a decision from the Patent Office

18  about whether to institute Cisco's petitions by February 24, 2015.

19        Defendants disagree with Plaintiff's statements regarding discovery-related events and

20  Plaintiff's infringement contentions.  Defendants' productions include documentation on all

21  accused products, and are, therefore, fully compliant with local rules.

22        **<u>Joint Statement of Principal Factual Issues In Dispute:</u>**

23    1.   whether or not Defendants have directly or indirectly infringed and are directly or

24        indirectly infringing the Patents-in-Suit;

25    2.   whether or not any such alleged infringement by Defendants is or is not willful;

26    3.   whether or not the Patents-in-Suit are invalid and/or unenforceable;

27    4.   whether or not Capella and/or its predecessor(s) failed to mark products;

28    5.   whether Capella is barred **based on additional defenses (laches, waiver, etc.);**

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Palo Alto
3
JOINT CMC STATEMENT
3:14-CV-03348-EMC

6. whether or not Capella or Cisco is entitled to injunctive relief;

7. whether or not Capella is entitled to damages, and if so, the amount;

8. the amount of enhanced damages and fees and costs, if any, under 35 U.S.C. §§ 284 and 285 to which any party is entitled;

9. whether or not this is an exceptional case under 35 U.S.C. § 285 such that any party is entitled to its costs, expenses, and reasonable attorneys' fees;

10. whether Capella's Complaint fails to state claims for which relief may be granted, including for willful infringement and induced infringement; and

11. the identification of any other relief to which the parties may be entitled;

## III.   LEGAL ISSUES

Disputed legal issues relate to the factual issues set forth in Section II above.

## IV.   MOTIONS

At an appropriate stage of the litigation, the parties anticipate filing summary judgment motions and may also file *Daubert* motions, and may file other dispositive and non-dispositive motions as appropriate.  The pending motions, substantive prior motions, and their statuses are provided below:

*Capella v. Cisco* - Case No. 3:14-CV-03348-EMC

| Docket No. | Title | Status |
|---|---|---|
| 19 | Cisco's Motion to Transfer Case | Granted |
| 28 | Capella's Motion for Expedited Discovery and Extension of Time | Denied |
| 46 | Capella's Motion to Dismiss Cisco's 17200 counterclaim | Not decided |
| 47 | Capella's Motion to strike Cisco's inequitable conduct defense | Granted with leave to replead by Cisco |
| 113 | Cisco's Motion to Stay | Denied |
| 114 | Capella's Consolidated Motion to Strike Cisco's inequitable conduct defense/ Dismiss Cisco's 17200 counterclaim | Pending |
| 115 | Capella's Motion to Strike FNC's inequitable conduct defense | Pending |

*Capella v. Ciena* - Case No. 3:14-CV-03351-EMC

| Docket No. | Title | Status |
|---|---|---|
| 43 | Ciena's Motion to Transfer Case | Granted |

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

4

JOINT CMC STATEMENT
3:14-CV-03348-EMC

*Capella v. FNC* - Case No. 3:14-CV-03349-EMC

| Docket No. | Title | Status |
|---|---|---|
| 25 | FNC's Motion to Transfer Venue | Granted |
| 45 | Capella's Motion for Leave to Amend Complaint (to add a claim for willful infringement) | Denied |

***Capella v. Tellabs Operations, Inc. and Coriant (USA) Inc.*, Case** No. 3:14-CV-03350-EMC

| Docket No. | Title | Status |
|---|---|---|
| 18 | Tellabs, Inc.'s Motion to Dismiss for Lack of Jurisdiction | Denied as Moot |
| 40 | Tellabs, Inc.'s Motion to Dismiss Amended Complaint for Lack of Jurisdiction | Granted |
| 63 | Tellabs Operations, Inc.'s and Coriant (USA) Inc.'s Motion to Transfer Venue | Granted |
| 64 | Coriant (USA) Inc.'s and Columbus's Motion to Sever and Stay Capella's Claims against Columbus | Granted |

## V.   AMENDMENT OF PLEADINGS

The parties propose their respective deadlines in Section 17 for amending and/or seeking leave to amend the pleadings.  The parties reserve their right to seek leave to amend or supplement the pleadings as discovery continues.

**Plaintiff's Statement:**  Capella anticipates moving to amend its complaint against FNC to allege willfulness, but otherwise anticipates no further amendments to its Amended Complaints and Answers to Counterclaims in the Related Actions.

**Defendants' Statement:** FNC contends that such a motion would be improper as this issue has already been decided by the Florida Court prior to transfer.  Specifically, the court denied Capella's motion to amend its complaint against FNC to allege willfulness (*id.*, DE 63, pp. 2-3).

Ciena, Tellabs, and Coriant expect discovery may support inequitable conduct allegations, which Ciena, Tellabs, and Coriant will seek to add as an affirmative defense and counterclaim.

## VI.   EVIDENCE PRESERVATION

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines").  The Parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in the Related Actions.

**VII.   DISCLOSURES**

The Parties exchanged Initial Disclosures on June 19, 2014 pursuant to the initial disclosure requirements of Fed. R. Civ. P. 26(a).

**VIII.   DISCOVERY**

**A.   Discovery Taken to Date**

All Parties participated in a 26(f) meet and confer on June 19, 2014 and filed a Joint Conference Report and Discovery Plan in Florida.

After transfer, Capella served interrogatories and requests for production on all Defendants.  Each Defendant has responded to Capella's interrogatories and requests for production of documents.  Capella served its Rule 3-2 Production on all Defendants on October 7, 2014 with a Supplement on October 10, 2014.  Defendants served their Rule 3-4 production on Capella on or before November 17, 2014.

Ciena served its first set of interrogatories on July 31, 2014.   On September 30, 2014, FNC served interrogatories and requests for production on Capella.

**Plaintiff's Statement:** Defendants maintain that the current authorized scope of discovery is limited to issues involving claim construction only.  Only Defendants Ciena, FNC, Tellabs, and Coriant have provided responses to Capella's interrogatories and requests for production of documents, and those Defendants have not clarified whether each is withholding documents or information on the basis of their objection that the current authorized scope of discovery is limited to claim construction only.

Defendant Cisco has refused to respond substantively to Capella's interrogatories and requests for production.  Cisco maintains that the discovery requests are premature, and therefore require no response.  Capella attempted to meet and confer with Cisco about this issue, during which time Cisco also refused to provide any discovery on the basis that only claim construction discovery is currently authorized.  To date, Cisco has produced 24 documents.

Defendants' 3-4 productions appear to be incomplete.  Defendants appear to be withholding documents and information about accused ROADM devices.  Such withholding is taking place even though Capella accused Defendants' ROADMs in its preliminary infringement

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

6

JOINT CMC STATEMENT
3:14-CV-03348-EMC

1   contentions, regardless of what subcomponents whether or not the ROADMs are MEMs-based

2   (and confirmed same in email correspondence with all Defendants, and in telephone

3   conversations with Cisco).

4        Cisco only raised the issue of LCoS-based ROADMs in November, and Ciena only raised

5   this same issue on December 3, 2014.  In response Capella made it clear that (i) the cases

6   (including discovery and disclosures) include all of the ROADM product lines identified in

7   Capella's infringement contentions (for Ciena, the 4200 and 6500 ROADM product lines) and (ii)

8   the cases (including discovery and disclosures) should not exclude LCoS-based ROADMs.

9        No other Defendant (neither FNC, Tellabs, nor Coriant) raised the issue of LCoS-based

10   ROADMs before drafts of this CMS were exchanged the day before this filing on December 10,

11   2014.

12   **Defendants' Statement:** Defendants have relied on Capella's infringement contentions in

13   their document collections and productions. As stated above, Capella's infringement contentions

14   make no mention of LCOS-based WSSs or other liquid crystal-based WSSs and fail to provide

15   Capella's position to Defendants of where each claim element is allegedly found in Defendants'

16   products that use such LCOS-based WSSs or other liquid crystal-based WSSs.

17        Prior to this filing, Capella has never raised the issue of the sufficiency of Defendants'

18   Rule 3-4 productions, despite having such productions for almost one month.  Also, Capella has

19   not attempted to contact Defendants and request production of any additional documents or

20   information based on their Rule 3-4 productions.

21        Ciena and Capella have met and conferred regarding Capella's objections and responses

22   to Ciena's Interrogatory Nos. 1 (related to Capella's infringement contentions and 3 (related to

23   Capella's contentions regarding conception and reduction to practice of the asserted claims).  For

24   its response to Interrogatory No. 1, Capella has stated that it is relying on its infringement

25   contentions, which only allege infringement of JDSU MEMS-based WSSs.  Capella agreed to

26   supplement its response to Ciena's interrogatory No. 3 to identify actual conception and reduction

27   to practice dates and the support for those dates for each asserted claim on December 17, 2014.

28        Cisco disagrees with Plaintiff's characterizations of Cisco's actions and positions

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

7

JOINT CMC STATEMENT
3:14-CV-03348-EMC

1    regarding discovery.

2         **Ciena's Statement:**

3         On April 17, 2014, Capella provided infringement contentions referencing Ciena 4500 and

4    6700 product lines, and providing charts which only describe JDSU based MEMS devices.  On

5    April 25, 2014, Ciena filed a motion to transfer venue, which identified Finisar and Oclaro as

6    suppliers of WSSs, in addition to JDSU.  Capella has had more than 7 months to amend its

7    infringement contentions to include accusations regarding Finisar's LCoS based devices, but has

8    not done so.

9         Ciena has repeatedly offered to meet and confer with Capella about any specifically

10   identified deficiencies in its interrogatory responses or production of documents.  Capella has not

11   identified any interrogatories or requests for production that it believes are deficient.  On

12   November 20, 2014 Ciena stated its understanding based on meet and confer that Capella's

13   infringement contentions were limited to products containing JDSU MEMS-based WSSs

14   identified in its infringement contentions.  On December 10, 2014 Capella advised Defendants of

15   its belief that it had accused all products containing WSSs from Finisar that use Liquid Crystal on

16   Silicon (LCoS) technology, and requested discovery on these products for the first time.  The

17   parties will continue to meet and confer.  But Defendant's position is that Capella needs to obtain

18   leave to amend its infringement contentions to include WSSs that have not been accused, prior to

19   requesting production of documents related to these unaccused products.

20        **B.**    **Anticipated Scope of Discovery:**

21        **Plaintiff:**  Capella will seek discovery on the issues in suit, including: products developed,

22   imported, made, used, sold, and offered for sale by the Defendants and infringement of the

23   Patents-in-Suit; liability for infringement/corporate relationships; knowledge of the Patents-in-

24   Suit and willful infringement; financial, sales, and information pertinent to damages; defenses,

25   and any other topic that may avail itself to relevant information.

26        **Defendants:**  Defendants anticipate needing discovery on at least the topics identified as

27   factual issues in Section II above.

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

8

JOINT CMC STATEMENT
3:14-CV-03348-EMC

C.     **Electronic Service**

The parties attempted to negotiate an agreement to accept service by e-mail.  Service will be to established e-mails, including e-mail distribution lists, with hard copies to follow by overnight mail on request.  Any agreement does not change the deadlines under the Local Rules for responding to filings via the Court's ECF system.

**Defendants' Statement:**  Defendants propose accepting email service by 9:00 P.M. Pacific time.

**Plaintiff's Statement:**  Plaintiff notes that Defendants sought to transfer this case to California from Florida for purposes of convenience.  Plaintiff seeks to abide by the Federal Rules and the California time zones.

D.     **Limits on Discovery**

The Parties have proposed the following limits on discovery:

**Plaintiff:**  Plaintiff proposes the Parties take discovery in accordance with the Local Rules and Federal Rules of Civil Procedure and seek to minimize discovery burdens.  Plaintiff proposes the parties reserve their rights to take the full extent of discovery permitted by Local Rules and Federal Rules of Civil Procedure.  Plaintiff does not request any modification of these rules at this time but expects the parties to meet and confer regarding reasonable discovery limits.

**FNC:**  FNC proposes the Parties take discovery in accordance with the Local Rules and Federal Rules of Civil Procedure and seek to minimize discovery burdens.  FNC proposes the parties reserve their rights to take the full extent of discovery permitted by Local Rules and Federal Rules of Civil Procedure.  FNC does not request any modification of these rules at this time but expects the parties to meet and confer regarding reasonable discovery limits.  Although FNC has consented to consolidation for pretrial purposes with respect to issues common to each of the Capella Cases, FNC reserves its rights to the full discovery to which it is entitled under the Federal Rules of Civil Procedure, and further reserve its rights to individually address any issues that are not common to the other cases.

**Cisco, Ciena, Tellabs and Coriant:**[1] Cisco, Ciena, Tellabs and Coriant propose the following limits on discovery:

    a.  <u>Depositions:</u>  Except as otherwise provided below, depositions should accord with the time limits set forth in Fed. R. Civ. P. 30.

        i.  Depositions of Parties Pursuant to Fed. R. Civ. P. 30(b)(6):

            1.  The Plaintiff shall be entitled to 21 hours of testimony with each Defendant pursuant to Fed. R. Civ. P. 30(b)(6). Defendants shall be entitled to 28 hours of testimony in the aggregate of Plaintiff pursuant to Fed. R. Civ. P. 30(b)(6).

        ii.  Depositions of Parties Pursuant to Fed. R. Civ. P. 30(a)(1):

            1.  The Plaintiff shall be entitled to 21 hours of testimony with each Defendant pursuant to Fed. R. Civ. P. 30(a)(1), with a presumptive limit of seven (7) hours per individual deposition. Defendants shall be entitled to 28 hours of testimony in the aggregate of Plaintiff pursuant to Fed. R. Civ. P. 30(a)(1), with a presumptive limit of 7 hours per individual deposition, exclusive of inventors.

            2.  Inventor depositions will be coordinated between the parties and limited to a total of 14 hours per inventor.

        iii.  Non-Party Depositions:

            1.  No limit on the number or hours of non-party depositions.

    b.  <u>Depositions of Expert Witnesses:</u>

        i.  Plaintiff shall be entitled to seven (7) hours of testimony per expert witness; provided, however, that in the event a single expert witness submits one or more expert reports covering both infringement and either invalidity or unenforceability, plaintiff shall be entitled to up to 14 hours of

---

[1] Although Defendants have consented to consolidation for pretrial purposes with respect to issues common to each of the Capella Cases, Defendants reserve their rights to individually address any issues that are not common to the other cases.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

10

JOINT CMC STATEMENT
3:14-CV-03348-EMC

1    testimony with such witness.  Defendants shall be entitled to ten (10) hours

2    of testimony in the aggregate per witness for examination on issues

3    common to defendants; provided, however, that in the event a single expert

4    witness submits one or more expert reports covering either invalidity or

5    unenforceability, defendants shall be entitled to up to 14 hours of testimony

6    in the aggregate from such witness for examination common to

7    Defendants.  Additionally, each individual defendant gets up to an

8    additional two (2) hours of testimony per expert witness for examination on

9    issues specific to an individual defendant.  Additionally, each individual

10    defendant gets seven (7) hours of testimony per expert witness for

11    examination on infringement.  The parties agree that expert depositions

12    will not count toward the limits as proposed in Sections 8(D)(a)(i)-(iii)

13    above.

14        c.  Interrogatories:  The parties agreed in Florida that the presumptive limits for

15            interrogatories (25) should govern.

16        b.  Request for Admission:  The parties agree to a presumptive limit of 30 requests for

17            admission per party.  Requests for admission used only for authentication,

18            impeachment, issues of hearsay, and issues relating to the best evidence rule and

19            its exception do not count towards this limit.

20    **E.**    **Electronic Discovery**:  The parties plan to file a joint proposed e-discovery order.

21    **F.**    **Discovery Plan:**

22    b)  Protective Order: Capella circulated a draft protective order on November 14, requesting

23        collaboration in negotiating its terms.

24        a.  **Plaintiff's Statement:**  Despite email reminders and requests for feedback,

25            Defendants have made no attempt to negotiate its terms.  The default protective

26            order per Patent Local Rule 2-2 is currently in effect.

27        b.  **Defendants' Statement:**  Defendants are working with their respective clients to

28            negotiate the terms of the Plaintiff's proposed protective order.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

11

JOINT CMC STATEMENT
3:14-CV-03348-EMC

c) <u>Privilege Logs</u>:  The parties agree that communications between the parties and their litigation counsel regarding this case need not be logged on a privilege log.

d) <u>Expert Reports:</u>  Draft expert reports and notes and communications between expert witnesses and counsel for purposes of preparing expert reports are not discoverable except insofar as relied upon or considered by the expert witness in rendering his or her opinion. Testifying experts' draft reports, notes, and conversations or communications with counsel will not be subject to discovery per Rule 26.

e) The parties have begun discussions regarding e-discovery.

## IX.   CLASS ACTIONS

These actions are not class actions.

## X.   RELATED CASES

The Related Cases are those listed in the caption of this report.

## XI.   RELIEF

Capella seeks damages adequate to compensate Capella for Defendants' infringement, including but not limited to pre-judgment and post-judgment interest, costs, and the expenses of litigation.  Capella also requests that this Court grant an order permanently enjoining Defendants from further infringing the Patents-in-Suit.

Defendants seek a declaration that each has not and is not infringing any valid and enforceable claim of the Patents-in-Suit, whether directly or indirectly.  Defendants further seek a declaration that the patents-in-suit are invalid and unenforceable. Defendants seek a dismissal of Capella's claims in their entirety and with prejudice and a declaration that Capella takes nothing away from its complaint.  Defendants also seek any appropriate costs and attorneys' fees pursuant to 35 U.S.C. § 285 and such further relief as the Court may deem appropriate under the circumstances.  Cisco also seeks an injunction and restitution regarding Cisco's § 17200 counterclaim.

## XII.   SETTLEMENT AND ADR

The Parties are working to follow the Court's ADR Local Rules and Order.

**XIII.  CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The Parties do not consent to have a magistrate judge conduct all further proceedings.

**XIV.  OTHER REFERENCES**

The Related Actions are not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**XV.  NARROWING OF ISSUES**

**A.  Plaintiff's Statement:**

As noted, including in Capella's opposition to Cisco's now-denied motion for stay (DE 124), Capella believes it is premature to discuss the effect, if any, of Cisco's petitions for *inter partes* review.

**B.  Defendants' Statement:**

As discussed in Cisco's motion for stay (DE 113), Defendants believe that the issues in this case can be significantly narrowed, if not resolved entirely, by the pending *inter partes* reviews.

**XVI.  EXPEDITED TRIAL PROCEDURE**

Defendants' position is that this case is not appropriate for an expedited schedule under General Order 64.  Plaintiff does not agree with this position.

**XVII. SCHEDULING**

The below table sets forth Plaintiff's and Defendants' proposed schedules in full and Plaintiff respectfully requests an order providing dates through trial, pursuant to Rule 16.

| Capella's Proposed Deadline | Defendants' Proposed Deadline if the Related Actions are not Stayed | Proposed Event |
|---|---|---|
| Jan. 15, 2014 | | Deadline to amend pleadings without leave |
| | Dec. 2, 2014 | Deadline to amend pleadings without good cause, except for inequitable conduct |
| Dec. 22, 2014[2] | <same> | Patent L.R. 4-2. Exchange of Preliminary Claim Constructions and Extrinsic Evidence. |
| Jan. 12, 2015[3] | <same> | Patent L.R. 4-3. Joint Claim |

[2] Set by this Court in DE 122.

| | | |
|---|---|---|
| | | Construction and Prehearing Statement. |
| Jan. 26, 2015[4] | \<same\> | Patent L.R. 4-4. Completion of Claim Construction Discovery |
| Feb. 9, 2015[5] | \<same\> | Patent L.R. 4-5(a). Plaintiff's Claim Construction Brief – opening brief |
| Feb. 23, 2015[6] | \<same\> | Patent L.R. 4-5(b). Defendant's Claim Construction Brief – responsive brief |
| Mar. 2, 2015[7] | \<same\> | Patent L.R. 4-5(c). Claim Construction Briefs – reply brief |
| Mar. 16, 2015[8] | \<same\> | Tutorial |
| Mar. 30, 2015[9] | \<same\> | Patent L.R. 4-6. Claim Construction Hearing |
| 14 days after the Court's Claim Construction Order | 30 days after the Court's Claim Construction Order | Last day to disclose advice of counsel |
| April 14, 2015 | No such event is necessary | Designation of experts |
| 14 days after expert discovery cut-off | 30 days after expert discovery cut-off | Parties to exchange privilege log |
| July 9, 2015 | 60 days after the Court's Claim Construction Order | Fact discovery cut off |
| May 22, 2015 | 90 days after the Court's Claim Construction Order | Initial expert reports exchanged on matter on which a party bears the burden of proof |
| June 5, 2015 | 30 days after the exchange of initial expert reports | Responsive expert reports exchanged |
| July 9, 2015 | 30 days after the exchange of responsive expert reports | Expert discovery cut-off |
| July 14, 2015 | 45 days after completion of expert discovery | Dispositive Motions |

---

[3] Set by this Court in DE 122.
[4] Set by this Court in DE 122.
[5] Set by this Court in DE 122.
[6] Set by this Court in DE 122.
[7] Set by this Court in DE 122.
[8] Set by this Court in DE 122.
[9] Set by this Court in DE 122.

| July 21, 2015 | <per local rules> | Last day for parties to file/serve oppositions to dispositive motions |
| July 24, 2015 | <per local rules> | Last day for parties to file/serve reply briefs in support of dispositive motions |
| July 27, 2015 | At Court's convenience | Dispositive motion hearing |
| July 29, 2015 | Set after Markman | Last day for parties to conduct pretrial meet-and-confer |
| July 14, 2015 | Set after Markman | Last day for parties to file *Daubert* motions |
| July 31, 2015 | Set after Markman | Last day for parties to file Joint Pretrial Conference Statement, trial briefs, motions *in limine*, deposition and discovery designations, trial witness list, exhibit list, exhibits, proposed voir dire questions, jury instructions, proposed findings of fact/conclusions of law, and verdict forms |
| July 21, 2015 | Set after Markman | Last day for parties to file oppositions to *Daubert* motions |
| Aug. 3, 2015 | Set after Markman | Last day for parties to file oppositions to motions *in limine*, objections to deposition and discovery designations, deposition and discovery counter-designations, and objections to proposed voir dire questions, proposed findings, verdict forms, and authenticity or admissibility of trial exhibits |
| July 27, 2015 | Set after Markman | Last day for parties to file reply briefs in support of *Daubert* motions |
| Aug. 4, 2015 | Set after Markman | Pretrial conference |
| Aug. 6, 2015 | Set after Markman | Trial |

**Plaintiff's Statement:**

Discovery began in this case on June 19, 2014. Moreover, the Parties have already filed a Joint List of Disputed Terms, identifying proposed claim terms for construction. Therefore, this Court should set the schedule proposed by Capella. In addition, this Court has denied Cisco's

1   motion to stay (DE 113), therefore, it is premature to discuss the impact of a stay on scheduling.

2           **Defendants' Statement:**

3           The PTAB's initial determination on Cisco's IPR petitions must occur by February 5, 2015

4   and February 24, 2015, with a final decision 12 months later.  As detailed in Cisco's motion for

5   stay the issues in this litigation may be significantly reduced or resolved entirely, by the pending

6   *inter partes* reviews.  The related cases should, therefore, be stayed pending disposition of Cisco's

7   IPRs and any IPRs that may be filed by remaining defendants.

8   **XVIII. TRIAL**

9           The Related Actions will be tried to a jury. Capella and Defendants Cisco, Ciena and FNC

10  estimate that a jury trial in the separate matters will each last five days.  Defendant Tellabs

11  estimates that a jury trial would last five days.  Defendant Coriant estimates that a separate jury

12  trial involving the separate accused Coriant products would last five days.

13  **XIX.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

14          All Parties except Capella have filed the "Certification of Interested Entities or Persons"

15  required by Civil Local Rule 3-16.  Capella will be filing such a certification shortly.

16  **XX.   PROFESSIONAL CONDUCT**

17          All attorneys of record for the Parties have reviewed the Guidelines for Professional

18  Conduct for the Northern District of California.

19  **XXI.  OTHER**

20          A.      **Joint Filings**

21          **Defendants' statement**:

22          Defendants request that the court require joint filings be due by 9 pm Pacific Time.  In

23  connection with several joint filings to date, Capella has provided comments or substantial edits

24  for the first time close to or after that time, which is particularly burdensome for counsel located

25  in Eastern, Central and Mountain time zones.  Because of that, Defendants have also had to

26  provide changes and edits late into the morning hours.  For example, in connection with the Joint

27  Case Management Statement due on September 11, 2014, Capella provided its revised draft,

28  without a redline, after 10pm ET/9pm CT/8pm MT on the due date that included unacceptable

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

16

JOINT CMC STATEMENT
3:14-CV-03348-EMC

changes to Defendants' portions of the joint paper.  After Defendants objected, Capella waited until after 2am ET/1am CT/12am MT that night to make further changes that also required a response by Defendants shortly before the 12 midnight Pacific Time filing deadline.  With respect to the Joint Discovery Plan which was due on October 2, 2014, Capella waited until almost 2am ET/1am CT/12am MT to provide changes that required a response by Defendants before the joint plan could be filed shortly before midnight, Pacific Time.

**Plaintiff's Statement:**

Capella does not believe that Defendants, who sought transfer to this District, should be granted their request to change this District's rules about when filings are due.  Capella denies Defendants' characterizations about the parties' exchanges related to joint filings.  Capella is confident that the parties can continue to timely file joint filings without any Court intervention.

**B.      Capella's Reply Brief (DE 133)**

**FNC's Statement**:  Capella's Reply in support of its motion to strike FNC's affirmative defense of inequitable conduct (DE 133) should not be considered because it was late-filed on October 17, 2014 (*i.e.*, more than 7 days after the October 9, 2014 filing of FNC's opposition (DE 126) without a motion to enlarge time) in violation of Civil L.R. 7-3(c).  As explained in FNC's opposition, Capella prejudiced FNC by staging its attack against Cisco before FNC when it should have prosecuted the two motions simultaneously.  Capella's Reply (DE 133) further compounds that prejudice to FNC by purporting to incorporate by reference Capella's reply against Cisco (DE 132).

**Plaintiff's Statement:**  Capella believes its Reply in support of its motion to strike FNC's affirmative defense of inequitable conduct (DE 133) should be considered.  FNC has not been prejudiced.

**C.      <u>Claim Construction Hearing</u>**

The parties estimate that the length of the Claim Construction Hearing will be approximately 4 hours, and they do not currently anticipate presenting live testimony but reserve the right to present live expert testimony should the Court permit it.

**Plaintiff's proposal:** This issue should be discussed at the CMC.

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Palo Alto

17

JOINT CMC STATEMENT
3:14-CV-03348-EMC

**Defendants' proposal:**  The Claim Construction Hearing proceeds on a term by term basis, with Plaintiff presenting first on each odd-numbered term, and Defendants presenting first on each even-numbered term.  Defendants reserve the right to seek leave to request additional terms for construction, if necessary given the number of asserted claims.

**D.**     **How the Parties Intend to Educate the Court on the Technology at Issue**

A technology tutorial may be useful for the Court, and could be held on March 16, 2015 prior to the *Markman* hearing as scheduled by the court.

**E.**     **Appointment of a Technical Advisor**

No technical advisor is needed.

Dated:  December 11, 2014                       MANATT, PHELPS & PHILLIPS, LLP


                                                By:*/s/Robert D. Becker*
                                                    Robert D. Becker
                                                    Attorneys for Plaintiff
                                                    *Capella Photonics, Inc.*


Dated:  December 11, 2014                       By: */s/ Nathaniel T. Browand*
                                                    Ashlee Lin (CA Bar No. 275267)
                                                    ashlee.lin@milbank.com
                                                    MILBANK, TWEED, HADLEY
                                                       & McCLOY LLP
                                                    601 South Figueroa Street
                                                    30th Floor
                                                    Los Angeles, CA 90017
                                                    Tel: (213) 892-4459
                                                    Fax: (213) 629-5063

                                                    Christopher E. Chalsen*
                                                    cchalsen@milbank.com
                                                    Nathaniel T. Browand*
                                                    nbrowand@milbank.com
                                                    Suraj Balusu*
                                                    sbalusu@milbank.com
                                                    MILBANK, TWEED, HADLEY
                                                       & McCLOY LLP
                                                    1 Chase Manhattan Plaza
                                                    New York, New York  10005
                                                    Tel: (212) 530-5380
                                                    Fax:  (212) 822-5380
                                                    * *admitted pro hac vice*

1         *Attorneys for Defendant,*
       *Fujitsu Network Communications, Inc.*

2

3    By: /s/ Michelle P. Woodhouse

4         Michelle P. Woodhouse (Bar No. 260669)
       E-mail:    michelle.woodhouse@lw.com

5         **LATHAM & WATKINS LLP**
       140 Scott Drive

6         Menlo Park, CA 94025
       650-328-4600

7

8         Matthew Moore*
       E-mail:    matthew.moore@lw.com

9         Elizabeth Johnson*
       E-mail:    elizabeth.johnson@lw.com

10        **LATHAM & WATKINS LLP**
       555 Eleventh Street, NW

11        Suite 1000
       Washington, DC 20004

12        202-637-2200

13        Clement Naples*
       E-mail:    clement.naples@lw.com

14        Chi Cheung*
       E-mail:    chi.cheung@lw.com

15        **LATHAM & WATKINS LLP**
       885 Third Ave

16        Suite 1000
       New York, NY 10022

17        212-906-1200
       *\* pro hac vice*

18
       **Attorneys for Defendant Ciena Corporation**

19

20   By: /s/ Matthew J. Leary
       COOLEY LLP

21        Wayne O. Stacy*
       Sarah J. Guske*

22        Matthew J. Leary*
       380 Interlocken Crescent, Suite 900

23        Broomfield, CO 80021
       Telephone:   (720) 566-4000

24        Facsimile:   (720) 566-4099
       * admitted pro hac vice

25
       **Attorneys for *Defendant  Cisco Systems,***

26        ***Inc.***

27

28        By:   /s/ J. Pieter van Es

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Palo Alto

19

JOINT CMC STATEMENT
3:14-CV-03348-EMC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PILLSBURY WINTHROP SHAW
PITTMAN LLP
COLIN T. KEMP (SBN 215408)
colin.kemp@pillsburylaw.com
STEPHEN E. BERGE (SBN 274329)
stephen.berge@pillsburylaw.com
4 Embarcadero Center, 22nd Floor
San Francisco, CA  94111
Telephone: (415) 983-1000
Facsimile: (415) 983-1200

BANNER & WITCOFF, LTD.
V. BRYAN MEDLOCK, JR.*
bmedlock@bannerwitcoff.com
J. PIETER VAN ES (CBN 250524)
pvanes@bannerwitcoff.com
THOMAS K. PRATT*
tpratt@bannerwitcoff.com
TIMOTHY J. RECHTIEN*
trechtien@bannerwitcoff.com
10 South Wacker Drive, Suite 3000
Chicago, IL 60606
Telephone: (312) 463-5000
Facsimile: (312) 463-5001
* admitted pro hac vice
***Attorneys for Defendants Tellabs
Operations, Inc. and Coriant (USA) Inc.***

313642659.1

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Palo Alto

20

JOINT CMC STATEMENT
3:14-CV-03348-EMC