March 5, 2015

The Honorable Edward M. Chen

United States District Court for the Northern District of California
San Francisco Courthouse, Courtroom 5 - 17th Floor
450 Golden Gate Avenue, San Francisco, CA 94102

Re:      *Capella Photonics Cases (Nos. 3:14-03348-51)*

Dear Judge Chen:

***Capella's Statement:***  By this letter brief, Capella seeks an order requiring each Defendant to provide discovery responses (and/or other information) sufficient to clarify the relationship among Defendants and their ROADM component suppliers so that their respective interests in the pending *inter partes* review ("IPR") petitions for the patent-in-suit can be understood, because it appears that those IPR petitions have not properly identified all of the real parties-in-interest.  For example, Cisco has not identified any other Defendant or any component supplier as a real party-in-interest, even though (i) Cisco raises in its IPR petitions invalidity arguments virtually identical to the those raised by all Defendants in their invalidity contentions filed in this Court, and (ii) Cisco likely has indemnity agreements with its component supplier (JDS Uniphase Corp ("JDSU")) who is the assignee of the primary prior art that Cisco relies on in its IPR petitions and its invalidity contentions filed in this Court.

In its Opposition to Cisco's Motion to Stay (which is based on IPR petitions), Capella has already asked that this Court not rule on any stay request until after Capella receives substantive responses to discovery which seeks information related to who exactly are the real-parties-in-interest to the pending IPR petitions for the patent-in-suit.

Defendants should provide discovery responses (and/or other information) sufficient to clarify the relationship among Defendants and their ROADM component suppliers because, if Capella's concerns about the failure to properly identify all interested entities in the IPR petitions are borne out, then that failure will mean all IPR proceedings on the patents-in-suit could be dismissed with prejudice.  *See Zoll Lifecor Corp. v. Philips Electronics North America Corp.*, 2014 Pat. App. LEXIS 2040, *20 (P.T.A.B. Mar. 20, 2014) (where a petition for *inter partes* review did not include all of the real parties-in-interest, the Patent Office determined that the petition was incomplete and denied the petition based on the one year limitations period for seeking review). Of course, with no IPR proceeding there is no basis to stay of any of the consolidated cases.

Cisco filed an IPR petition (IPR2014-01166) for the '368 patent in July 2014 and an IPR petition (IPR2014-01276) for the '678 patent in August 2014.  In January 2015, the Patent Office instituted IPR proceedings on IPR2014-01166, and then in February 2015, the Patent Office instituted IPR proceedings on IPR2014-01276.  Based on the Patent Office's institution of proceedings, on February 12, 2015, Cisco moved to stay litigation in this Court, which motion is set for hearing on March 12, 2015, along with a Case Management Conference.

After the Patent Office instituted IPR proceedings on Cisco's IPR2014-01166 petition, FNC filed IPR petitions for both patents-in-suit on February 13, 2015, and JDSU, a leading component supplier to Defendants, also filed IPR petitions for both patents-in-suit on February 13, 2015. Finally, on February 26, 2015, FNC, Ciena, Tellabs and Coriant jointly filed a petition to join the IPR proceedings instituted on Cisco's IPR2014-01166 petition.

As noted above, there should be no ruling on any stay request until after Capella receives substantive responses to Capella's discovery requests (or other information) related to identifying all of the real-parties-in-interest to the IPR petitions.  Capella's concerns about the

1

Defendants (and JDSU) having failed to identify all of the real parties-in-interest as required (*see* 37 C.F.R. § 42.8(b)(1)) is based on several facts:

- Defendants have previously argued that Capella's infringement claims against defendants' ROADM products should properly be understood as infringement claims against the wavelength selective switch (WSS) components in their ROADM products, which components are manufactured by third-party suppliers, such as JDSU.

- The primary prior art (the Smith and Bouevitch Patents) and related arguments that defendants raise in their invalidity contentions in the consolidated cases are virtually identical to the primary prior art and related arguments that Cisco (and the non-Cisco defendants) raise in their IPR petitions.

- JDSU is the assignee of the Smith and Bouevitch Patents.

- Defendants likely have indemnity agreements with JDSU and other third-party WSS suppliers.

- JDSU, who has filed IPR petition for the patents-in-suit and supplies Cisco and other defendants with WSS components, did not identify anyone but itself as a real party-in-interest in its IPR petition.

*See also* Capella's Opposition to Cisco's Motion to Stay, Section III.C (providing citations in support of the above factors).

Based on the above, Capella (i) recently propounded new discovery focused on the issue of real-parties-in-interest, and (ii) on March 3, 2015, asked Defendants to meet and confer about the new discovery requests as well as previously propounded discovery that is relevant to the issue.[1]  As of the filing of this letter request, Capella has not received a response to its request to meet and confer, so Capella informed Defendants of its intent to file its portion of a letter brief and indicate in same that Capella did not receive a response to its request to meet and confer.  Given Cisco's pending Motion to Stay, Capella respectfully files its portion of this letter brief (and anticipates that Defendants will separately file their portion in response).

Respectfully submitted,

By:*/s/Robert D. Becker*
MANATT, PHELPS & PHILLIPS, LLP
Robert D. Becker
*Attorneys for Plaintiff*
*Capella Photonics, Inc.*

---

[1] Copies of the discovery requests that Capella is seeking responses to and which were identified in Capella's March 3rd meet and confer request are attached hereto as **Exhibit 1**.  Defendants have not provided sufficient substantive responses/productions to those requests.

## CERTIFICATE RE: STANDING ORDER ON DISCOVERY RULE 4(A)

I hereby certify that counsel for Capella sought to meet and confer with counsel for Defendants about the discovery matters in this letter, but did not receive a response from any of them.