1
2
3
4
5                    UNITED STATES DISTRICT COURT
6                    NORTHERN DISTRICT OF CALIFORNIA
7

8    CAPELLA PHOTONICS, INC.,                No. C-14-3348 EMC

9              Plaintiff,                    **CONSOLIDATED CASES**

10        v.                                 C-14-3349 EMC
                                             C-14-3350 EMC
11   CISCO SYSTEMS, INC., *et al.*           C-14-3351 EMC

12             Defendants.
     _____/       **ORDER GRANTING CISCO'S MOTION
13                                           TO STAY CONSOLIDATED CASES
                                             PENDING *INTER PARTES* REVIEW OF
14                                           PATENTS-IN-SUIT**

15                                           **(Docket No. 161)**

16

17        On February 12, 2015, Defendant Cisco Systems, Inc., filed a motion to stay this litigation

18   pending the final resolution of the Patent and Trademark Office's (PTO) *inter partes review* (IPR) of

19   all the asserted claims of both patents-in-suit.  Docket No. 161 (Mot. to Stay); *see also* Docket Nos.

20   161-2 (notice of institution of IPR proceedings regarding '368 patent); 164 (notice of institution of

21   IPR proceedings regarding '678 patent).  Given this development, as well as the agreement of

22   Cisco's co-defendants[1] to be bound by the estoppel applicable to Cisco's IPRs as set forth in 35

23   U.S.C. § 315(e)(2), this Court will order these consolidated cases stayed in their entirety pending

24   final resolution of the relevant IPR proceedings, including any appeals.[2]

25   _____

26        [1] Cisco's co-defendants are Fujitsu Network Communications, Inc. (No. 14-cv-3349 EMC);
     Tellabs Operations, Inc. and Coriant (USA) Inc. (No. 14-cv-3350 EMC); and Ciena Corporation
27   (No. 14-cv-3351 EMC).

28        [2] The Court previously vacated the hearing set for this matter, Docket No. 170, and
     concludes that this matter is ripe for adjudication on the papers without oral argument.

**United States District Court**
For the Northern District of California

United States District Court

For the Northern District of California

## I.   BACKGROUND

Plaintiff Capella Photonics filed this patent infringement lawsuit against Defendants on February 12, 2014.  *See* Docket No. 1.  The operative complaint alleges infringement of two U.S. patents, U.S. Patent No. RE42,678 (the '678 patent) and U.S. Patent No. RE42,368 (the '368 patent). *See* Docket No. 30.  Cisco filed an IPR petition regarding the '368 patent on July 15, 2014.  Docket No. 113-3.  It filed an IPR petition regarding the '678 patent on August 12, 2014.  Docket No. 113-4.  The PTO has now instituted IPR proceedings on all of the asserted claims of both patents-in-suit. *See* Docket Nos. 161-2; 164.

## II.   DISCUSSION

A.   Legal Standard

Courts have inherent power to manage their dockets, including the discretion to grant a stay pending concurrent proceedings before the PTO.  *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed Cir. 1988); *see also Evolutionary Intelligence, LLC v. Millenial Media, Inc.*, No. 5:13-CV-04206 EJD, 2014 WL 2738501, at *2 (N.D. Cal. Jun. 11, 2014).  "A stay is particularly justified where the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues."  *Evolutionary Intelligence*, 2014 WL 2738501 at *2 (citing *In re Cygnus Telecomm. Tech., LLC, Patent Litig.*, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005)).

Courts traditionally consider three main factors in determining whether to stay a case pending the conclusion of IPR proceedings: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party."  *Telemac Corp. v. Teledigital, Inc.*, 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006) (citation omitted); *see also Robert Bosch Healthcare Sys., Inc. v. Cardiocom, LLC*, No. C-14-1575 EMC, 2014 WL 3107447, at *3 (N.D. Cal. July 3, 2014).  "The party seeking the stay bears the burden of persuading the court that a stay is appropriate."  *Evolutionary Intelligence*, 2014 WL 2738501, at *3 (citing *Nken v. Holder*, 556 U.S. 418, 433-34 (2009)).

United States District Court

For the Northern District of California

B.      Application

Here, all three stay factors weigh in favor of staying this litigation pending resolution of the PTO's IPR proceedings.  First, the early stage of this litigation weighs in favor of a stay.  This Court had specifically limited the scope of discovery and moderately delayed substantive hearings (*e.g.*, claim construction) pending the PTO's determination whether to institute IPR of the asserted patents.  *See* Docket No. 131.  Consequently, very little substantive work has been done in this case, and there are no immediately pressing deadlines or trial dates.  Put simply, "[c]onsidering the substantial amount of work that lies ahead of both parties," the Court finds that this case is still in the early stages, and thus this factor "strongly favors" granting a stay.  *Evolutionary Intelligence*, 2014 WL 2738501, at *3 (citation omitted).

The second factor also weighs heavily in favor of granting a stay.  The PTO has agreed to review the validity of all of the patent claims Capella has asserted against Defendants in this action.  Thus, IPR proceedings will almost certainly simplify the issues in this case and serve the goal of advancing judicial efficiency.  Most obviously, if "the PTO modifies or cancels some or all of the claims subject to review, both the court and [the] parties benefit because the scope of this case may be narrowed and further proceedings will be streamlined" or even obviated entirely.  *Evolutionary Intelligence*, 2014 WL 2738501, at *4.  And even if the IPR proceedings do "not result in any cancelled or modified claims, this [C]ourt will receive the benefit of the PTO's expertise and guidance on these claims."  *Id.* (citation omitted).

In its opposition to Cisco's motion to stay, Capella argues that judicial economy would not be served by staying this litigation because Cisco's co-defendants, who are not parties to Cisco's IPR petitions, would not be bound by the PTO's determinations of patent validity.  *See* 35 U.S.C. §315(e)(2) (statutory estoppel provision).  This is a real concern.  As a number of courts in this district have explained, the typical "benefit of a stay pending IPR is contingent in part upon the IPR proceeding's estoppel effect, *i.e.*, the prohibition that the [IPR] petitioner is precluded from relitigating the same issues that were raised or reasonably could have been raised during the IPR proceeding."  *Evolutionary Intelligence*, 2014 WL 2738501, at *4; *see also Personalweb Technologies, LLC v. Google Inc.*, Case No. 5:13-cv-01317-EJD, 2014 WL 4100743, at *5 (N.D.

United States District Court

For the Northern District of California

1   Cal. Aug. 20, 2014).  As Judge Davila has cogently explained, in multiple defendant cases like this

2   one, where certain defendants "are not parties to the pending IPRs, the fact that the patent

3   infringement defendants are not automatically estopped jeopardizes the IPRs' critical intended

4   effects on any subsequent district court action." *Personalweb Technologies*, 2014 WL 4100743, at

5   *5.  "Indeed, should any claims survive the pending IPRs . . . the expected efficiencies would be

6   eviscerated should Defendants go on to bring invalidity arguments in this court that were raised or

7   could have been raised before the PTAB."  *Id*  Thus, courts in this district[3] have conditioned the

8   grant of stays pending IPR in multi-defendant cases on the non-party co-defendants agreeing to be

9   bound by the IPR estoppel provisions of 35 U.S.C. § 315(e)(2) "as if they themselves had filed the

10   relevant IPR petitions."  *See id.*; *see also Evolutionary Intelligence*, 2014 WL 2738501, at *5.

11        Here, Capella stated in its opposition to Cisco's motion that it "proposed that the parties

12   enter such an estoppel agreement as part of a stipulation to not oppose Cisco's Motion."  Docket No.

13   167 at 2; *see also id.* at 8 (noting that "Capella proposed agreeing to a stay based on . . .  an estoppel

14   stipulation" similar to the one entered in *Evolutionary Intelligence*).  At the time, however, Cisco's

15   co-defendants appeared to reject such a stipulation.  *See* Docket No. 167-13 (February 27, 2015

16   email from Chi Cheung to N. Swartzberg, *et al.*)

17        On March 3, 2015, this Court issued an Order seeking clarification of Cisco's co-defendants'

18   position on whether they would agree to be bound by the estoppel provisions of section 315(e)(2) "if

19   the Court conditions a stay in this case on such agreement."[4]  Docket No. 168.  The co-defendants

20   filed a joint notice with the Court indicating that they do "agree to be bound to the estoppel

21   applicable to Cisco for Cisco's IPRs as set forth in 35 U.S.C. § 315(e)(2) to the extent that the Court

22   conditions a stay in this case on such an agreement."  Docket No. 169.  Co-defendants' agreement to

---

[3] Courts in other districts have similarly conditioned the stay of cases involving non-parties to IPR proceedings on those non-parties' agreement to be bound by the estoppel provisions of the IPR proceedings.  *See, e.g.*, *Semiconductor Energy Laboratory Co., Ltd. v. Chimei Innolux Corp.*, No. SACV 12-21-JST (JPRx), 2012 WL 7170593, at *2 (C.D. Cal. Dec. 19, 2012).

[4] The Court also ordered the co-defendants to state conclusively whether they sought stays of their respective cases pending adjudication of Cisco's IPR petitions.  Docket No. 168.  Such clarification was necessary, because the co-defendants did not file motions to stay their own respective cases, nor did they formally join Cisco's motion to stay.  The co-defendants responded that they do seek a stay of their respective cases.  Docket No. 169.

United States District Court
For the Northern District of California

1   be bound by the IPR estoppel provisions alleviates any concerns this Court may have had regarding

2   whether staying these consolidated cases would streamline these proceedings or otherwise benefit

3   judicial economy.  Consequently, the Court finds that the second factor weighs heavily in favor of a

4   stay in this matter.

5          The third factor also favors entry of a stay.  Indeed, it is notable that Capella does not argue it

6   will suffer any undue prejudice from the grant of a stay provided that all of the defendants in this

7   case are bound by the same estoppel that will bind Cisco, as the party to the instituted IPR

8   proceedings.  *See* Docket No. 167 at 5 (arguing that any undue prejudice would result from being

9   forced to litigate against three co-defendants while the action against Cisco was stayed).  Because all

10  of the Defendants have agreed to be so bound, and this Court's Order granting a stay is expressly

11  conditioned on such agreement, Capella correctly recognizes that it will suffer no undue prejudice

12  sufficient to defeat Cisco's motion to stay this litigation.  Thus, the Court will grant Cisco's motion

13  to stay this litigation pending resolution of the IPR proceedings for the two asserted patents.

14         Finally, the Court addresses an argument raised by Capella that Cisco's IPR petitions are

15  likely to be dismissed with prejudice by the PTO because Cisco failed to identify all of the real

16  parties-in-interest to its petitions.  *See* Docket No. 167 at 8-11.  Essentially, Capella argues that it

17  has a good faith reason to believe that Cisco's IPR petitions may be procedurally defective, and thus

18  this Court should not enter a stay until after Capella has received sufficient discovery in this Court to

19  determine whether or not Cisco's IPR petitions are likely to be dismissed.[5]  The Court rejects

20  Capella's argument.  Discovery is available in IPR proceedings,[6] and to the extent Capella believes

21  that Cisco's IPR petitions are somehow defective as filed, Capella may seek to pursue this theory

22

23         [5] Counsel for Capella renewed and expanded on this argument in a discovery letter brief filed
    on March 5, 2015.  Docket No. 171.  The Court admonishes counsel for filing this brief in clear
24  violation of this Court's standing order on discovery in civil cases.  This Court requires discovery
    disputes be raised in the form of a *joint* discovery letter brief.  Capella did not heed this instruction.
25  Moreover, Capella did not (as required) meaningfully attempt to meet and confer regarding the
    dispute with opposing counsel.  Indeed, Capella admits it did not even request a meet and confer
26  with opposing counsel until March 3, just two days before its letter brief was filed.  This is not
    acceptable.  Finally, the Court questions why Capella waited until March 5 to pursue discovery it
27  should have known was relevant since Cisco's IPR petitions were first filed in July and August
    2014, respectively.  Capella's request for discovery relief is denied.

28         [6] *See, e.g.*, 35 U.S.C. § 316(a)(5); 37 C.F.R. § 42.51.

1  (and discovery in support of it) before the PTO, where the actual issue(s) will be litigated.  If

2  Capella succeeds in getting Cisco's IPR petitions dismissed with prejudice, it may file an

3  appropriate notice with this Court seeking to reopen these actions.  Until then, these consolidated

4  cases shall be stayed in their entirety pending final exhaustion of the relevant review proceedings,

5  including any appeals.  The parties shall submit a joint status report apprising the Court of the status

6  of the relevant review proceedings on November 1, 2015, and every six months thereafter.  The

7  parties shall further provide notice to the Court within one week of final exhaustion of all relevant

8  review proceedings, including appeals.  In their notice, the parties shall request that this matter be

9  reopened, and that a case management conference be scheduled.

10       The Clerk is hereby directed to administratively close the files in these consolidated cases.

11  This order disposes of Docket Nos. 161 and 171.

12

13       IT IS SO ORDERED.

14

15  Dated:  March 6, 2015

16

17  _____
    EDWARD M. CHEN

18  United States District Judge

**United States District Court**
For the Northern District of California