[Counsel Information Listed On Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CAPELLA PHOTONICS, INC., <br>     Plaintiff, <br>     v. <br> CISCO SYSTEMS, INC., <br>     Defendant. | No. 3:14-CV-03348-EMC <br><br> **JOINT STATUS REPORT** <br><br> **CMC Date:** January 17, 2019 <br> **Time:** 10:30 a.m. <br> **Courtroom:** 5 <br> **Judge:** Hon. Edward M. Chen |
| CAPELLA PHOTONICS, INC., <br>     Plaintiff, <br>     v. <br> FUJITSU NETWORK COMMUNICATIONS, INC., <br>     Defendant. | No. 3:14-CV-03349-EMC <br> (related case) |
| CAPELLA PHOTONICS, INC., <br>     Plaintiff, <br>     v. <br> TELLABS OPERATIONS, INC. AND CORIANT (USA) INC., <br>     Defendant. | No. 3:14-CV-03350-EMC <br> (related case) |

| | |
|---|---|
| CAPELLA PHOTONICS, INC., | No. 3:14-CV-03351-EMC |
| Plaintiff, | (related case) |
| v. | |
| CIENA CORPORATION, | |
| Defendant. | |

Lead counsel for Plaintiff Capella Photonics, Inc. ("Capella" or "Plaintiff"), and Defendants Cisco Systems, Inc. ("Cisco"), Ciena Corporation ("Ciena"), Fujitsu Network Communications, Inc. ("FNC"), Coriant Operations, Inc. (formerly Tellabs Operations, Inc.), and Coriant (USA) Inc. (Coriant entities collectively "Coriant") (collectively "Defendants") (together with Plaintiff, "the parties") submit this Joint Status Report pursuant to the Court's March 6, 2015 Order (Dkt. No. 172) and the Court's September 19, 2018 Order setting a Case Management Conference in this matter for January 17, 2019 (Dkt. No. 192).

Pursuant to the Court's March 6, 2015 Order, the Related Actions are "stayed in their entirety pending final exhaustion of the relevant review proceedings, including any appeals." (Dkt. No. 172 at 6). The parties hereby apprise the Court of the status of the inter partes review ("IPR") proceedings initiated by Cisco and additional inter partes review proceedings concerning the Patents in Suit (U.S. Patent Nos. RE42,368 ("'368 Patent") and RE42,678 ("'678 Patent")).

**I.     STATUS OF THE IPR PROCEEDINGS**

On July 15, 2014, Cisco filed a petition at the United States Patent & Trademark Office (Patent Office) for inter partes review (IPR2014-01166) on the '368 patent. Cisco filed a petition (IPR2014-01276) on the '678 patent less than a month later.  The two IPR petitions addressed every asserted claim against each of the Defendants by the Plaintiff in its infringement contentions. The Patent Office joined Ciena, FNC, and Coriant in these two IPR proceedings.  The Patent Office issued Final Written Decisions on January 28, 2016 in IPR2014-01166 and on February 17, 2016 in IPR2014-01276.  The Patent Office found unpatentable every claim asserted in this litigation.  Capella filed requests for rehearing in both IPRs.  The Patent Office denied the requests for rehearing.  Capella filed a notice of appeal to the Court of Appeals for the Federal Circuit.

On August 24, 2015, the Patent Office instituted FNC's inter partes review (IPR2015-00726) involving the '368 patent and FNC's inter partes review (IPR2015-00727) involving the '678 patent. The Patent Office joined Ciena and Coriant in these two IPR proceedings.   The Patent Office issued Final Written Decisions on September 28, 2016 in IPR2015-00726 and

IPR2015-00727.  The Patent Office found unpatentable every claim asserted in this litigation. Capella filed notices of appeal to the Court of Appeals for the Federal Circuit.

On August 25, 2015, the Patent Office instituted inter partes review (IPR2015-00731) for the '368 patent and inter partes review (IPR2015-00739) for the '678 patent based on petitions filed by non-party JDS Uniphase Corporation (JDSU) (now called "Lumentum"). The Patent Office joined Cisco, Ciena, FNC, and Coriant in these two IPR proceedings.  The Patent Office issued Final Written Decisions on September 29, 2016 in IPR2015-00731 and on October 14, 2016 in IPR2015-00739.  The Patent Office found unpatentable every claim asserted in this litigation.  Capella filed notices of appeal to the Court of Appeals for the Federal Circuit.

On December 15, 2016, the Federal Circuit consolidated the appeals of the above-identified IPR proceedings.  On February 13, 2017, Capella submitted its opening brief.  On May 26, 2017, Appellees submitted their responsive briefing.  On June 23, 2017, Capella submitted its reply brief.

On February 8, 2018, the Federal Circuit received oral argument from the parties.  On February 12, 2018, the Federal Circuit issued a judgment affirming the Final Written Decisions of the Patent Office in each of the above-identified IPR proceedings under Federal Circuit Rule 36.  On March 15, 2018, Capella filed a Petition for Rehearing. On March 19, 2018, Capella filed a motion to extend the date to file its Petition for Rehearing. On April 9, 2018, the Court denied Capella's Petition for Rehearing.

On June 28, 2018, Capella filed an Application to Extend Time to file a Petition for Writ of Certiorari. On September 6, 2018, Capella filed its Petition for Writ of Certiorari, which was docketed on September 11, 2018.  On November 5, 2018 the Supreme Court denied the Petition for Writ of Certiorari.

## II.     THE PARTIES' POSITIONS

### A.     PLAINTIFF'S POSITION

On June 29, 2018, Capella filed with the PTO applications pursuant to 35 U.S.C. § 251 to reissue both the '368 Patent and the '678 Patent (the "Applications to Reissue the Patents-in-

Suit"). The Applications include claims that were not invalidated in the IPRs and corrected claims. Section 251 provides for the reissue of any patent that is, "through error, deemed wholly or partly inoperative or invalid." The Applications have advanced to the examination stage and the PTO's initial response is expected soon.

Capella contends that because the Patent Office proceedings relating to the Patents-in-Suit have not yet been completed and its Applications to Reissue the Patents-in-Suit remain pending and original unchallenged claims from the Patents-in-Suit remain unaffected by the IPRs, the current stay of the action should remain in effect pending resolution of those proceedings. Cappella contends that any lifting of the stay should be subject to briefing by the parties. If necessary, Capella is prepared to move to continue the stay based on the reissue proceedings and its right to amend its preliminary infringement contentions. In this district, "there is a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings." *ASCII Corp. v. STD Entm't USA*, 844 F.Supp. 1378, 1381 (N.D.Cal.1994).

Capella further opposes any dismissal of the action or entry of judgment and contends there is no basis to do so in light of its pending Applications to Reissue the Patents-in-Suit and the fact that original unchallenged claims from the Patents-in-Suit remain unaffected by the IPRs. To the extent that Defendants disagree, Plaintiff contends that they should be required to file a motion to dismiss and/or for entry of judgment and seeks briefing on the issues.

**B.     DEFENDANTS' POSITION**

Since every patent claim in the '368 and '678 Patents asserted by Capella in these actions has been held unpatentable in the relevant IPR review proceedings and all appeals have been finally exhausted, Defendants assert that the Court must deny all relief sought by Capella in these actions. Capella's statement that the "Patent Office proceedings relating to the Patents-in-Suit have not yet been completed" is misleading because the IPR proceedings are finally exhausted as described in Section I *supra*.

1    Defendants disagree with Capella's position. *First*, the Patent Office has not examined (let alone issued) Capella's new reissue applications. Capella cannot maintain the present actions based on pending patent applications. *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 807-08 (1988) ("[I]n order to demonstrate that a case is one 'arising under' federal patent law 'the plaintiff must set up some right, title or interest under the patent laws….'" (quoting *Pratt v. Paris Gas Light & Coke Co.*, 168 U.S. 255, 259 (1897)); *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) ("[A]n actual controversy must be extant at all stages of review, not merely at the time the complaint is filed."). Capella's citation is inapplicable because it does not address the present situation where all asserted patent claims have been held finally unpatentable in IPR proceedings. Since there is no subject matter jurisdiction over an action based on pending patent applications, the present actions must be terminated.

*Second*, Capella cannot now assert previously unasserted claims in the Patents-in-Suit, more than four years after serving its infringement contentions in these Actions. "Amendment of the Infringement Contentions … may be made only by order of the Court upon a timely showing of good cause." Patent L.R. 3-6. Capella has not moved or even sought to move to amend its infringement contentions. Capella has not and cannot make "a timely showing of good cause" to amend its contentions in these Actions. Capella made a decision long ago not to assert certain claims in the Patents-in-Suit, never revisited that decision, and cannot keep these Actions from being terminated based on a supposed "right to amend."

Defendants submit that no further briefing or motion should be necessary in view of the lack of "case or controversy" in these Actions and respectfully request that the Court prepare, sign, and enter final judgment in favor of each of the Defendants and against Capella on Capella's claims for infringement of the '368 and '678 Patents.

Dated:  December 28, 2018            MANATT, PHELPS, & PHILLIPS, LLP

By: */s/ Robert D. Becker*
Robert D. Becker
Attorneys for Plaintiff
*Capella Photonics, Inc.*

| | |
|---|---|
| Dated: December 28, 2018 | BAKER BOTTS LLP |
| | */s/ Sarah J. Guske w/ permission*<br>Sarah J. Guske (SBN 232467)<br>101 California Street, 30th Fl., Suite 3070<br>San Francisco, CA 94111<br>Telephone: (415) 291-6205<br>Facsimile: (415) 291-6305 |
| | **Attorneys for Defendant CISCO SYSTEMS, INC.** |
| | */s/ Nathaniel T. Browand w/ permission*<br>Nathaniel T. Browand*<br>nbrowand@milbank.com<br>MILBANK, TWEED, HADLEY<br>& McCLOY LLP<br>28 Liberty Street<br>New York, NY 10005<br>Tel: (212) 530-5000<br>Fax: (212) 530-5219 |
| | Mark C. Scarsi (SBN 183926)<br>mscarsi@milbank.com<br>MILBANK, TWEED, HADLEY<br>& McCLOY LLP<br>2029 Century Park East, 33rd Floor<br>Los Angeles, CA 90067<br>Tel: (424) 386-4000<br>Fax: (213) 629-5063<br>* admitted pro hac vice |
| | **Attorneys for Defendant,**<br>**Fujitsu Network Communications, Inc.** |

| | |
|---|---|
| Dated: December 28, 2018 | */s/ J. Pieter van Es w/ permission*<br>BANNER & WITCOFF, LTD.<br>J. PIETER VAN ES (CBN 250524)<br>pvanes@bannerwitcoff.com<br>THOMAS K. PRATT*<br>tpratt@bannerwitcoff.com<br>TIMOTHY J. RECHTIEN*<br>trechtien@bannerwitcoff.com<br>10 South Wacker Drive, Suite 3000<br>Chicago, IL 60606<br>Telephone: (312) 463-5000<br>Facsimile: (312) 463-5001<br><br>PILLSBURY WINTHROP SHAW PITTMAN LLP<br>COLIN T. KEMP (SBN 215408)<br>colin.kemp@pillsburylaw.com<br>STEPHEN E. BERGE (SBN 274329)<br>stephen.berge@pillsburylaw.com<br>4 Embarcadero Center, 22nd Floor<br>San Francisco, CA 94111<br>Telephone: (415) 983-1000<br>Facsimile: (415) 983-1200<br><br>* admitted pro hac vice<br>**Attorneys for Defendants Coriant Operations, Inc. (formerly Tellabs Operations, Inc.) and Coriant (USA) Inc.**<br><br>*/s/ Clement Naples w/ permission*<br>Matthew Moore*<br>E-mail: matthew.moore@lw.com<br>LATHAM & WATKINS LLP<br>555 Eleventh Street, NW, Suite 1000<br>Washington, DC 20004<br>202-637-2200<br><br>Clement Naples*<br>E-mail: clement.naples@lw.com<br>LATHAM & WATKINS LLP<br>885 Third Ave<br>New York, NY 10022<br>212-906-1200<br><br>* pro hac vice<br>**Attorneys for Defendant Ciena Corporation** |

Pursuant to Local Rule 5-1(i)(3) regarding signatures, I, Robert D. Becker, attest that concurrence in the filing of this documents has been obtained from each of the other signatories. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 28, 2018.

*/s/ Robert D. Becker*
Robert D. Becker

321496489.1