1  Robert D. Becker (CA Bar No. 160648)
   Rbecker@manatt.com
2  MANATT, PHELPS & PHILLIPS, LLP
   350 Cambridge Ave., Suite 300
3  Palo Alto, CA 94306
   Telephone:  (650) 812-1300
4  Facsimile:   (650) 213-0260

5  Attorneys for Plaintiff,
   CAPELLA PHOTONICS, INC.
6

7                    UNITED STATES DISTRICT COURT
8                    NORTHERN DISTRICT OF CALIFORNIA
9                         SAN FRANCISCO DIVISION
10

| | |
|---|---|
| CAPELLA PHOTONICS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CISCO SYSTEMS, INC., <br><br> Defendant. | No. 3:14-CV-03348-EMC <br><br> **DECLARATION OF ROBERT D. BECKER IN SUPPORT OF PLAINTIFF'S REQUEST TO MAINTAIN CURRENT STAY ON ACTION OR, IN THE ALTERNATIVE, LEAVE TO AMEND INFRINGEMENT CONTENTIONS, AND NOTICE OF INFRINGEMENT OF ADDITIONAL DEPENDENT CLAIMS** <br><br> Hearing Date: March 7, 2019 <br> Time:             1:30 p.m. <br> Courtroom:    5 <br> Judge:           Hon. Edward M. Chen |
| CAPELLA PHOTONICS, INC., <br><br> Plaintiff, <br><br> v. <br><br> FUJITSU NETWORK COMMUNICATIONS, INC., <br><br> Defendant. | No. 3:14-CV-03349-EMC <br><br> (related case) |

| | |
|---|---|
| CAPELLA PHOTONICS, INC., <br>     Plaintiff, <br> v. <br> TELLABS OPERATIONS, INC. AND CORIANT (USA) INC., <br>     Defendant. | No. 3:14-CV-03350-EMC <br> (related case) |
| CAPELLA PHOTONICS, INC., <br>     Plaintiff, <br> v. <br> CIENA CORPORATION, <br>     Defendant. | No. 3:14-CV-03351-EMC <br> (related case) |

I, Robert D. Becker, hereby declare under penalty of perjury and pursuant to 28 U.S.C. § 1746, as follows:

1. I am a partner at Manatt, Phelps & Phillips, LL and represent Plaintiff, Capella Photonics, Inc. ("Capella"), in the above-captioned case.

2. The statements made herein are based on my personal knowledge or based on information made known to me and are true and correct and to the best of my current knowledge.

3. In this Declaration, I use the term "Defendants" to refer collectively to Defendants Cisco Systems, Inc. ("Cisco"), Ciena Corporation ("Ciena"), Fujitsu Network Communications, Inc. ("FNC"), Coriant Operations, Inc. (formerly Tellabs Operations, Inc.), and Coriant (USA) Inc.

4. Capella is the owner of two patents on optical switching devices: U.S. Patent RE42,368 (the "'368 Patent") entitled "Reconfigurable Optical Add-drop Mulitplexers with Servo Control and Dynamic Spectral Power Management Capabilities" and U.S. Patent

RE42,678 (the "'678 Patent") entitled "Reconfigurable Optical Add-drop Mulitplexers with Servo Control and Dynamic Spectral Power Management Capabilities" (collectively the "Patents-in-Suit").  True and correct copies of the '368 Patent and '678 Patent are attached hereto respectively as **Exhibit A** and **Exhibit B**.

5. Capella filed this patent infringement action in February 2014 in the Southern District of Florida.  Almost immediately thereafter, Capella filed infringement contentions in April 2014 as order by the Florida Court.  A true and correct copy of Capella's infringement contentions against all defendant's is attached hereto as **Exhibit C**.

6. In its Preliminary Infringement Contentions, Capella asserted that the Defedants infringed [19] of the 22 claims in the '368 Patent (claims 1-6, 9-12, 15-22) and [24] of the 67 claims in the '678 Patent (claims 1-4, 9, 10, 13, 17, 19-23, 27, 29, 44-46, 53, 61-65).

7. On July 15, 2014, Cisco filed a petition at the Patent and Trademark Office for *inter partes* review ("IPR") (IPR2014-01166) on the '368 patent.  Cisco filed an IPR petition (IPR2014-01276) on the '678 patent less than a month later.  After the other Defendants filed similar IPR Petitions, the PTO joined Ciena, FNC, and Coriant in these two IPR proceedings (the "IPR Proceedings").

8. The Defendants' Petitions in the IPR Proceedings challenged only those claims identified by Capella in its Preliminary Infringement Contentions.  As noted above, however, the Patents-in-Suit contain additional claims not identified in Capella's Preliminary Infringement Contentions.  The Defendants made the strategic decision in their IPR Petitions not to challenge all claims in the Patents-in-Suit.

8. In August 2015, the PTO instituted inter partes review on several of the Defendants' Petitions involving the Patents-in-Suit.  Between January 2016 and October 2016 the PTO issued Final Written Decisions on the Defendants' IPRs.  In those Final Decisions, the PTO found unpatentable each claim identified by Capella in its Preliminary Infringement Contentions.  After Capella appealed, the Federal Circuit affirmed the PTO's Final Written Decisions in February 2018.   True and correct copies of the Final Decisions in the IPR Proceedings on the '368 Patent and '678 Patent are attached hereto respectively as **Exhibit D**

and **Exhibit E**. Capella exhausted its appeals in November 2018, when the U.S. Supreme Court denied its Petition for Writ of Certiorari.

9. The '368 and '678 claims have been amended in Resissue Appllication (discussed below) to merely clarify that the claimed fiber collimators serve as ports. During the IPR proceedings, under the broader BRI claim construction standard employed by the PTAB at that time, the PTAB found that the claims were not so limited and found them unpatentable in view of the prior art. Capella did not anticipate and could not reasonably have anticipated this broad claim construction at the time it filed its Preliminary Infringement Contentions and no party included these claim constructions in their Markman papers. In their Joint Claim Construction and Prehearing Statement (Dkt. # 151) the parties jointly identified "Channel micromirror" for construction. Capella asserted that no term other than "channel micromirror" requires construction and that all other terms should be awarded their plain and ordinary meaning. The Defendants identified the following additional terms for construction: "Continuously"; "Controllable in two dimensions/Controlling . . . in two dimensions"; "Corresponding"; "Beam-deflecting element(s)"; "Elements being individually… controllable"; "Maintaining a predetermined coupling"; and "Servo-control assembly". Capella asserts that this issue would not have surfaced in these district court proceedings as the district court is not able to use the BRI standard then employed by the PTAB.

10. Based on the PTO's construction of the claims, Capella filed with the PTO on June 29, 2018 applications pursuant to 35 U.S.C. § 251 to reissue both the '368 Patent and the '678 Patent (the "Reissuance Applications"). True and correct copies of the Reissuance Applications for the '368 Patent and '678 Patent are attached hereto respectively as **Exhibit F** and **Exhibit G**.

11. On December 10, 2018, the PTO issued IPR certificates cancelling claims 1-6, 9-13 and 15-22 of the '368 Patent and claims 1-4, 9, 10, 13, 17, 19-23, 27, 29, 44-46, 53 and 61-65 of the '678 Patent. True and correct copies of the IPR certificates for the '368 Patent and '678 Patent are attached hereto respectively as **Exhibit H** and **Exhibit I**.

12. Attached hereto as **Exhibit J** is a copy of 83 Fed.Reg. 197 (Oct. 11, 2018 (to be codified as 37 C.F.R, Part 42.

13. Attached hereto as **Exhibit K** is a copy of Capella's proposed First Amended Infringement Contentions against all Defendants.

Dated: February 14, 2019

MANATT, PHELPS, & PHILLIPS, LLP

By: */s/ Robert D. Becker*
Robert D. Becker
Attorneys for Plaintiff
*Capella Photonics, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 14, 2019, I served the foregoing with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the attorneys of record.

*/s/ Robert D. Becker*
Robert D. Becker

322050953.1