UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAPELLA PHOTONICS, INC., <br><br>Plaintiff, <br><br>v. <br><br>CISCO SYSTEMS INC, et al., <br><br>Defendants. | Case No. 14-cv-03348-EMC <br><br>**ORDER DENYING PLAINTIFF'S MOTION TO STAY, DENYING PLAINTIFF'S MOTION TO AMEND INFRINGEMENT CONTENTIONS, AND DENYING DEFENDANTS' MOTION TO DISMISS** <br><br>Docket No. 205 |

The current matter has been stayed since 2015. Following *Inter Partes* Review ("IPR") proceedings and subsequent appeals, the parties have returned. There are three matters pending before the Court: Plaintiff's motion to continue the stay pending a determination on its reissue application; in the alternative, should the Court deny its motion to stay Plaintiff seeks a motion to amend its infringement contentions to include claims not brought in the IPR proceedings; and Defendants' motion to dismiss for failure to prosecute pursuant Federal Rule of Civil Procedure 41(b).

For the reasons set forth herein, the Court hereby **DENIES** Plaintiff's motion to stay, **DENIES** Plaintiff's motion to amend its infringement contentions, and **DENIES** Defendants' motion to dismiss.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

This case was originally filed in the Southern District of Florida in 2014. Docket No. 1. Plaintiff "alleged that each respective Defendant infringed U.S. Patent Nos. RE42,368 (the ''368 Patent') and RE42,678 (the ''678 Patent')[.]" Opposition to Motion to Stay or in the Alternative

to Amend ("Opp'n") at 6. Plaintiff served infringement contentions on those patents, and Defendants served invalidity contentions. *Id.* On July 15, 2014, one of the Defendants filed a petition with the PTAB seeking institution of IPR proceedings on the then asserted claims. *Id.* The parties filed a joint case management statement on October 28, 2014 indicating that Plaintiff's proposed deadline for the "[l]ast day for Plaintiff to seek leave to amend Disclosure of Asserted Claims and Infringement Contentions" was November 6, 2014. Docket No. 134 at x. Plaintiff did not seek such leave.

In March 2015, the Court stayed this case pending the PTAB's IPR Proceedings. Docket No. 172. On January 28, 2016 and February 17, 2016, the PTAB found that all of Plaintiff's claims identified in its preliminary infringement contentions for the '368 and '678 patents failed. Motion to Stay or in the Alternative to Amend ("Mot.") at 7; Becker Decl., Exs. D, E. The Federal Circuit affirmed the PTAB's decisions in February 2018. Mot. at 7. Plaintiff then exhausted its appeals on November 5, 2018 with a denial from the Supreme Court of its Petition for Writ of Certiorari. *Id.*; Gaustad Decl., Ex. 19. "On December 10, 2018, the PTO issued IPR certificates cancelling claims 1-6, 9-13 and 15-22 of the '368 Patent and claims 1-4, 9, 10, 13, 17, 19-23, 27, 29, 44-46, 53 and 61-65 of the '678 Patent." Becker Decl. ¶ 11.

However, "[o]n June 29, 2018, before the PTO cancelled the challenged claims," Plaintiff filed reissue applications. Mot. at 7. Plaintiff asserts that the "[c]laims in these newly reissued patents that are substantially identical with the original claims will constitute a continuation of the original Reissue Patents-in-Suit and have effect continuously from their original date of issuance." *Id.* at 2. Plaintiff asks the Court to extend the current stay until after a determination on the currently pending reissue application.

In the alternative, Plaintiff asks that if the Court lifts the stay, it would like to amend its infringement contentions. Plaintiff's motion was not clear as to what claims it sought to amend, as it initially appeared to be seeking to amend in claims that the IPR proceedings invalidated. However, at the hearing on this matter, Plaintiff clarified that it sought to amend its contentions to include claims 7 and 8 of the '368 patent and claims 12 of the '678 patent. These claims were not previously asserted in this case and were not before the PTAB in the IPR proceedings. For this

2

reason, they were not invalidated. However, the newly asserted claims are dependent claims of the claims invalidated by the PTAB. Mot. at 7-9. While the newly asserted claims were not themselves cancelled by the PTO or subject of the reissue application, the outcome of the reissue application for the cancelled claims would presumably affect these dependent claims as well.

The Court held a case management conference on January 17, 2019, in which the parties discussed the issue of amendment. Docket No. 200. The Court expressed the following: "I need to see what it is you're asking for because part of what I'm going to look at is how different is this, could it have been brought earlier, why wasn't it brought earlier, how much more of a burden is this going to be on the parties, is there prejudice resulting from now this late amendment." Gaustad Decl., Ex.15. However, in its motion Plaintiff did not provide an explanation why this amendment could not have been brought earlier; instead it argues it did not need to bring an amendment earlier because of the 2015 stay. Plaintiff's only explanation for why it waited until now to amend its infringement contentions is that it "could not reasonably have anticipated this broad claim construction at the time it filed its Preliminary Infringement Contentions and no party included these claim constructions in their Markman papers." Mot. at 9.

Finally, Defendants request the Court dismiss the action pursuant to Rule 41(b) for failure to prosecute. They argue Plaintiff failed to follow Patent Local Rule 3-6, they argue Plaintiff made a conscious decision not to prosecute the unasserted claims, and they argue that Plaintiff failed to respond to the Court's warning that Plaintiff should explain whether the proposed amendment could have been raised earlier.

## II. <u>DISCUSSION</u>

A. <u>Plaintiff's Motion to Stay Proceedings[1]</u>

"Courts have inherent power to manage their dockets and stay proceedings including authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (internal citations omitted). However, "[a] court is certainly not required to stay judicial resolution in light of a pending patent reexamination." *Interwoven,*

---

[1] Defendants argue that Plaintiff's claims are not ripe. Defendants do not cite to any cases where reissue proceedings creates a ripeness problem.

3

*Inc. v. Vertical Computer Sys., Inc.*, 2012 WL 761692, at *2 (N.D. Cal. Mar. 8, 2012).

"When determining the appropriateness of a stay pending reexamination, the court considers the following three factors: '(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set.'" *Id.* (citing *Xerox Corp. v. 3Com Corp.*, 69 F. Supp. 2d 404, 406 (W.D. N.Y. 1999); *ASCII Corp. v. STD Entertainment USA, Inc.*, 844 F. Supp. 1378, 1380 (N.D. Cal. 1994)).

The party seeking a stay bears the burden of persuading the Court to grant a stay. *Evolutionary Intelligence, LLC v. Sprint Nextel Corp.*, 2014 WL 819277, at *2 (N.D. Cal. Feb. 28, 2014).

### 1. Prejudice to Defendants

Defendants have incurred substantial costs in litigating this case through IPR proceedings and appeals. This case has been pending for five years and extending the stay further would create an additional financial burden for Defendants. Defendants further argue that they would be at risk of opening themselves up to a claim of willfulness should they continue to sell, research and develop their products while a stay on the resolution of these patents remains in place. The Court finds Defendants will suffer substantial prejudice if the Court allows the stay to remain in place so as to delay final judgment on the asserted claims.

### 2. Simplifying Issues

Rather than simplifying issues in this case, a stay would well complicate it. On September 18, 2014, Plaintiff made the claim that "I think - - the case would be over if the patents were invalidated." Docket No. 112 at 14. The IPR proceedings on the asserted claims have concluded, and this case should be "over." If the Court were to grant a stay in order to allow for the possibility of Plaintiff's assertion of new claims upon reissuance by the PTO, this invites a whole new round of litigation, the scope of which is highly uncertain. Plaintiff acknowledges in its motion that "given the PTO has not yet reviewed the Reissue Applications, it is not known what the final claims will look like." Mot. at 2.

A further stay would not simplify this case as it is presently constituted and could instead

4

1   prolong and complicate it.

        3.      Stage of Litigation

    This case is in a very late stage of the litigation. The PTO invalidated the claims, and its decision is now final. Although Plaintiff argues that the case was at an early stage when the Court last granted a stay and nothing has advanced in this docket since the 2015 stay, Plaintiff ignores the fact that for the past four years, the parties have been engaged in IPR proceedings and exhausted appeals knowing that those proceedings could have, and indeed do have a conclusive effect on this Court. As a result, we are now at the stage of proceedings analogous to that after grant of summary judgment.

        4.      Conclusion

    For these reasons, the Court **DENIES** Plaintiff's request for a continuation of the stay.

B.  Plaintiff's Motion for Leave to Amend Infringement Contentions

    Plaintiff requests leave to amend its infringement contentions in light of the result from the IPR proceedings and its petition for reissuance. "Patent Local Rule 3-6 provides that amendment of either infringement or invalidity contentions 'may be made only by order of the Court upon a timely showing of good cause.'" *Aylus Networks, Inc. v. Apple Inc.*, 2015 WL 12976113, at *1 (N.D. Cal. June 2, 2015). Good cause means that a party "'acted with diligence in promptly moving to amend' after a circumstance supporting amendment occurs." *Id.* (quoting *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 136. (Fed. Cir. 2006). "The party seeking to amend its contentions bears the burden of establishing diligence." *CBS Interactive, Inc. v. Etilize, Inc.*, 257 F.R.D. 195, 201 (N.D. Cal. 2009). "Where the moving party is unable to show diligence, there is 'no need to consider the question of prejudice,' although a court in its discretion may elect to do so." *Advanced Micro Devices, Inc. v. LG Elecs., Inc.*, No. 14-CV-01012, 2017 WL 732896, at *2 (N.D. Cal. Feb. 24, 2017) (quoting *O2 Micro Int'l*, 467 F.3d at 1368).

        1.      Diligence

    Good cause requires a showing of diligence. *Trans Video Elecs., Ltd. v. Sony Elecs.*, 278 F.R.D. 505, 507 (N.D. Cal. 2011). This Federal Circuit has affirmed this approach. *O2 Micro Int'l Ltd.*, 467 F.3d at 1036 ("We agree with the Northern District of California that 'good cause'

requires a showing of diligence"). The burden of establishing diligence resides with the party seeking to amend. *CBS Interactive, Inc.*, 257 F.R.D. at 201. "Diligence is a fact intensive inquiry, and courts do not apply a mechanical rule in assessing a party's diligence but instead consider the factual circumstances in total." *Word to Info Inc. v. Facebook Inc.*, 2016 WL 6276956, at *6 (N.D. Cal. Oct. 27, 2016), *aff'd*, 700 F. App'x 1007 (Fed. Cir. 2017).

Plaintiff has not been diligent in bringing the claims it now seeks to add to this case via any amendment to the infringement contentions. Diligence refers to how long after a "circumstance supporting amendment occurs" a party seeks amendment. *Aylus Networks, Inc.*, 2015 WL 12976113, at *1. First, Plaintiff fails to explain why it failed to assert the new claims in the first place. It cites no new information which surfaced during this litigation presenting a changed circumstance. Nothing prevented Plaintiff from prosecuting these claims at the outset.

At best, circumstance arguably supporting amendment took place no later than 2016, when the PTAB issued its final written decisions, invalidating the claims at issue in this case. Becker Decl., Exs. D, E. In a joint case management statement filed with this Court on October 28, 2014, Docket No. 134 at x, the parties agreed that the "[l]ast day for Plaintiff to seek leave to amend Disclosure of Asserted Claims and Infringement Contentions" would be November 6, 2014, which is before the Court granted the 2015 stay. *Id.* Plaintiff has not explained why it could not adhere to the date for filing infringement contentions. To the extent Plaintiff justifies their belated decision to amend the infringement contentions based on the PTAB's IPR decision invalidating the claims asserted in the complaint, that decision was issued in 2016. Plaintiff provides no explanation for why it waited three years longer after receiving the final written decisions to seek amendment of its infringement contentions. Plaintiff could have asked the Court for leave to amend their infringement contentions; it did not do so. Furthermore, on June 29, 2018 after it received the final written decision from the PTAB in 2016, it filed the currently pending reissue applications. Even then Plaintiff did not seek leave from this Court to amend its infringement contentions.

At the case management conference held on January 17, 2019, the Court indicated that it was looking for an explanation of whether this amendment "could have been brought earlier" and

6

"why wasn't it brought earlier[.]" Gaustad Decl., Ex. 9 at 17:3-7. Rather than providing any such explanation, Plaintiff cites to *Advanced Micro Devices, Inc. v. LG Elecs., Inc.* for the proposition that it need not show diligence if there is a stay in place. There, a court allowed a plaintiff to amend its infringement contentions after an 18 month stay. *Advanced Micro Devices, Inc.*, 2017 WL 732896, at *2. However, the facts in that case differ from those presented here; as that court noted "[b]ecause diligence is a factual inquiry, the unique posture of each case often makes other decisions distinguishable." *Id.* at *4. There, the party seeking amendment sought to amend before the stay had been granted, the stay was only in place for 18 months (unlike this case where it has been four years since the Court granted a stay), and the party seeking amendment at least attempted to show diligence by describing extensive investigation related to its amendment. *See id.* at *3. "With respect to investigation, AMD describes a labor-intensive analysis, whereby it worked with public sources and cross-checked those sources against information from LG to most accurately supplement the infringement contentions. According to AMD, the process began again in earnest shortly after the Court lifted the stay in this case. AMD states that it contacted LG once the stay was lifted and sought to establish a plan for amending its infringement contentions. The parties exchanged several communications between September and November 2016, culminating with AMD serving LG with the updated contentions, including 20 new infringement charts, on November 30, 2016." *Id.* (Internal citations omitted).

This case is distinguishable because the party seeking amendment in *Advanced Micro Devices* received an unfavorable claim construction, accepted it, and sought amendment. Instead, Plaintiff here is effectively seeking to litigate available claims it has against Defendant twice. After the PTAB rejected its claims asserted herein, Plaintiff doubled down, seeking to exhaust its appeals as to those claims. It never sought to advance the new claims in any proceedings, in this Court or elsewhere. Having exhausted its first bite, and exercising no diligence in putting at issue the claims Plaintiff now belatedly seeks to amend into this case, Plaintiff's conduct is entirely dissimilar to the good faith diligent efforts of AMD in *Advance Micro Devices, Inc.* Instead, Plaintiff's conduct in seeking to start litigation anew after losing round one can best be characterized as tactical.

1    Plaintiff also relies on *Corel Software, LLC v. Microsoft Corp.* However, that case did not address diligence as a requirement. 2018 WL 5792323, at *1 (D. Utah Nov. 5, 2018). This out of circuit case appears to apply a different standard for good cause than the diligence requirement in this district. In any event, the actions of plaintiff therein contrasts with that of Plaintiff here. For example, "Corel canceled the '996 patent claims that were still at issue before the panel in an attempt to prevent further delay of this litigation." *Id.* Plaintiff in this case seeks to perpetuate rather than prevent delay.

2.    Prejudice

Although the Court need not address the question of prejudice because Plaintiff has not been diligent, it is clear that Defendants would suffer prejudice were Plaintiff permitted to amend its infringement contentions at this late stage in the litigation.

> "If the court finds that the moving party has acted with diligence, it must then determine whether the nonmoving party would suffer prejudice if the motion to amend were granted." *Apple Inc. v. Samsung Elecs. Co. Ltd*, 2013 WL 3246094, at *1 (N.D. Cal. June 26, 2013) (internal quotation marks omitted). "Prejudice is typically found when amending contentions stand to disrupt the case schedule or other court orders." *Karl Storz Endoscopy-Am. v. Stryker Corp.*, 2016 U.S. Dist. LEXIS 176876, at *8, 2016 WL 7386136 (N.D. Cal. Dec. 21, 2016). "Courts have allowed amendments when the movant made an honest mistake, the request to amend did not appear to be motivated by gamesmanship, or where there was still ample time left in discovery." *Id.* (citation and internal quotation marks omitted).

*Advanced Micro Devices, Inc.*, 2017 WL 732896 at *2.

To begin with, Defendants have litigated this case for many years through the IPR proceedings and appeals, and they reasonably believed that upon prevailing before the PTO and an appeal, this litigation would be near completion. If Plaintiff were allowed to amend in new claims, it would effectively start this case anew on the amended infringement contentions. Defendants have spent considerable time and resources litigating this case and it would be highly prejudicial to force Defendants to engage piecemeal in a whole new round of litigation.

Ironically, Plaintiff in their opposition to the 2015 stay argued that it would potentially suffer the exact kind of harm they now seek to inflict on Defendants. In discussing the concern that non-Cisco Defendants may not be bound by the estoppel provision of the IPR proceedings,

Plaintiff stressed the potential for duplicitous litigation and asked the Court to apply the estoppel provision to all Defendants in this matter:

> In the absence of such an agreement, a stay would be unfair to Capella. With a stay in hand, defendants, who are obviously working together to obtain the benefits of *inter partes* review ("IPR") without subjecting themselves to its statutory estoppel provisions, could stand by and hope for a ruling against Capella on each patent-in-suit reviewed by the Patent Office. For any such ruling that is not obtained, defendants not otherwise estopped could present again in this Court the same arguments presented or presentable to the Patent Office. That could be done to benefit themselves and all other defendants (including Cisco). Such an outcome would not only improperly provide defendants with the proverbial second bite at the apple and serve to waste Capella's limited resources, but it would also unnecessarily prolong litigation and waste the resources of the courts and other adjudicative agencies.

Docket No. 167, Plaintiff's Opposition to Defendants' Motion to Stay at 1-2. All Defendants agreed to be bound by the estoppel provisions so that there was no risk that any Defendants would have a "second bite at the apple." *See* Docket No. 169, Notice in Response to Order Regarding Cisco's Pending Motion for Litigation Stay Pending *Inter Partes* Review ("the Non-Cisco Defendants agree to be bound to the estoppel applicable to Cisco for Cisco's IPRs as set forth in 35 U.S.C. § 315(e)(2) to the extent the Court conditions a stay in this case on such an agreement"). Yet, now Plaintiff seeks its second bite at the apple, effectively avoiding the results of the IPR proceedings.

Furthermore, Defendants point out that because of the many years of delay, Defendants cannot file IPR petitions on these new amended claims. Opp'n. at 16. The Patent Act states: "The petitioner in an inter partes review of a claim in a patent under this chapter that results in a final written decision under section 318(a), or the real party in interest or privy of the petitioner, may not assert either in a civil action arising in whole or in part under section 1338 of title 28 or in a proceeding before the International Trade Commission under section 337 of the Tariff Act of 1930 that the claim is invalid on any ground that the petitioner raised or reasonably could have raised during that inter partes review." 35 U.S.C. § 315(e)(2). Defendants may be prevented from seeking IPR review of these new claims arising from the same patents at issue, this would greatly prejudice them as they likely would have included these amended claims in their original IPR

9

proceedings if they had known Plaintiff would years later assert them. Had Plaintiff included these claims initially or amended its infringement contentions earlier, these claims may have been adjudicated and possibly invalidated by the IPR proceedings.

### 3. Conclusion

Ultimately, Plaintiff seeks to undermine the purpose of infringement contentions which is to "prevent the 'shifting sands' approach to claim construction." *O2 Micro Int'l Ltd.*, 467 F.3d at 1364. Defendants are entitled to the certainty and finality which they sought and obtained from the IPR proceedings. Plaintiff seeks to engage in gamesmanship, not good faith diligence, and would do so at Defendants' expense.

The Court **DENIES** Plaintiff's request for leave to amend its infringement contentions.

## C. Defendants' Motion to Dismiss

Finally, Defendants request that the Court dismiss Plaintiff's claims with prejudice for failure to prosecute. Defendants seek dismissal under Federal Rule of Civil Procedure 41(b) which states:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

Defendants appear to argue that Plaintiff has violated a court order and failed to follow the Patent Local Rules. Defendants' claim that Plaintiff violated this district's Patent Local Rule 3-6 is incorrect. Patent Local Rule 3-6 states:

> 3-6. Amendment to Contentions
>
> Amendment of the Infringement Contentions or the Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause. Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause include:
>
> (a) A claim construction by the Court different from that proposed by the party seeking amendment;

> (b) Recent discovery of material, prior art despite earlier diligent search; and
>
> (c) Recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions.
>
> The duty to supplement discovery responses does not excuse the need to obtain leave of court to amend contentions.

Plaintiff has requested leave to amend its infringement contentions. While the request is meritless, it has not violated the above quoted rule by doing so. Defendants rely on *Aircraft Tech. Publishers v. Avantext, Inc.* which is distinguishable from this case. In *Avantext*, a court found a failure to follow the Patent Local Rules where a party did not submit Invalidity Contentions within forty-five days as required by Patent Local Rule 3-3. 2009 WL 3833545, at *3 (N.D. Cal. Nov. 16, 2009). A defendant is required to submit Invalidity Contentions, unlike the permissive Patent Local Rule 3-6 that Plaintiff assertedly violated. Defendants' assertion that a violation of the Patent Local Rules can amount to dismissal pursuant to Rule 41(b) is correct; however, they still must show an actual violation of the Patent Local Rules, which they have not done.

They next allege that Plaintiff's failure to address the Court's request that it explain "how different" the proposed amendments would be and whether these contentions could "have been brought earlier" and "why it wasn't brought earlier" amounts to a failure to follow a court order for purposes of Rule 41(b). Below is the quotation referenced by Defendants:

> MR. BECKER: I'm just contemplating what the Court is going to require of us in this short time period, whether we need to come through with new infringement contentions, which are extremely voluminous, or it's a motion for leave to amend or what exactly.
>
> THE COURT: I mean, I see more than just a motion for leave to amend. I need to see what it is you're asking for because part of what I'm going to look at is how different is this, could it have been brought earlier, why wasn't it brought earlier, how much more of a burden is this going to be on the parties, is there prejudice resulting from now this late amendment. And if you're amending in one claim, a simple claim, maybe that's one thing. If you're going to amend massive amounts of stuff, that's something else. So if you're asking for more time in order to be specific, I can give you a bit more time. But, you know presumably you've been contemplating this for a while, so this is no – you're the one that wants to amend. So –

Becker Decl., Ex. 15 at 17.

11

In this case, the Court indicated what it is "going to look at", but this language does not amount to a court order as contemplated by Rule 41(b). The Ninth Circuit has addressed the application of Rule 41(b) in the context of a violation of a court order. In *Applied Underwriters Inc. v. Lichtenegger*, the Ninth Circuit held that a district court abused its discretion by granting dismissal pursuant to Rule 41(b) based on a failure to file an amended a complaint after the district court granted leave to amend rather than ordered the party to amend its complaint. 913 F.3d 884, 890-92 (9th Cir. 2019). The Ninth Circuit recognized that a Rule 41(b) dismissal was improper where "the district court did not *require* that Plaintiff file an amended complaint following the initial Rule 12(b)(6) dismissal." *Id.* at 491. Here, the Court explained to Plaintiff what it needed to show to succeed in its motion amend its infringement contentions. But the language from the transcript of the case management conference does not amount to a court order as recognized in Rule 41(b), and therefore; does not warrant dismissal on this ground.

Finally, Defendants argue that the case should be dismissed for failure to prosecute as Plaintiff made the decision not to prosecute the unasserted claims. This however does not provide a basis to dismiss the entire case. Further, Defendants have not provided the Court with a single case that supports finding a failure to prosecute where a case was stagnant because of a stay.

### III. CONCLUSION

For the reasons stated herein, the Court **DENIES** the motion to stay, **DENIES** the motion to amend, and **DENIES** the motion to dismiss without prejudice to Defendants moving for judgment on the merits through an appropriate vehicle.

This order disposes of Docket No. 205.

**IT IS SO ORDERED**.

Dated: June 4, 2019

_____
EDWARD M. CHEN
United States District Judge

12