Robert D. Becker (State Bar No. 160,648)
*rbecker@manatt.com*
Christopher L. Wanger (State Bar No. 164,751)
*cwanger@manatt.com*
MANATT, PHELPS & PHILLIPS, LLP
1 Embarcadero Center, 30th Floor
San Francisco, CA 94111
Telephone: (415) 291-7400
Facsimile:  (415) 291-7474

Attorneys for Plaintiff
CAPELLA PHOTONICS, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| CAPELLA PHOTONICS, INC.,<br><br>             Plaintiff,<br><br>      v.<br><br>CISCO SYSTEMS, INC.,<br><br>             Defendant. | Lead Case No. 3:14-CV-03348-EMC<br><br>**NOTICE OF MOTION AND MOTION OF PLAINTIFF TO DISMISS ACTIONS WITHOUT PREJUDICE AS MOOT AND FOR LACK OF JURISDICTION**<br><br>Hearing Date:  August 29, 2019<br>Time:             1:30 p.m.<br>Courtroom:     5<br>Judge:            Hon. Edward M. Chen |
| CAPELLA PHOTONICS, INC.,<br><br>             Plaintiff,<br><br>      v.<br><br>FUJITSU NETWORK COMMUNICATIONS, INC.,<br><br>             Defendant. | No. 3:14-CV-03349-EMC<br>(related case) |

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
COSTA MESA

Case No. 3:14-cv-03348-EMC

Motion to Dismiss Actions
Without Prejudice as Moot

| | |
|---|---|
| CAPELLA PHOTONICS, INC., <br><br> Plaintiff, <br><br> v. <br><br> TELLABS OPERATIONS, INC. AND CORIANT (USA) INC., <br><br> Defendant. | No. 3:14-CV-03350-EMC <br> (related case) |
| CAPELLA PHOTONICS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CIENA CORPORATION, <br><br> Defendant. | No. 3:14-CV-03351-EMC <br> (related case) |

TO ALL DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that at 1:30 p.m. on August 29, 2019, or as soon thereafter as this matter may be heard in the above-identified Court, located at 450 Golden Gate Avenue, 17th Floor, San Francisco, California 94102, Plaintiff, Capella Photonics, Inc. ("Capella"), will and hereby does ask this Court to review its subject matter jurisdiction over these consolidated actions and enter an Order dismissing without prejudice as moot all claims asserted by Capella against defendants Cisco Systems, Inc., Fujitsu Network Communications, Inc., Coriant Operations, Inc. (formerly Tellabs Operations, Inc.), Coriant (USA) Inc., and Ciena Corporation (collectively "Defendants"). Capella also will and hereby does move this Court for an Order, pursuant to Federal Rule of Civil Procedure 12(b)(1), dismissing all counterclaims asserted by defendant Ciena Corporation ("Ciena") in Northern District of California Case No. 3:14-cv-033351-EMC without prejudice for lack of jurisdiction/mootness.

Capella makes this Motion on the grounds that all patent claims identified by Capella in its preliminary infringement contentions have been canceled by the United States Patent and Trademark Office ("USPTO"). Capella sought leave from this Court to amend its preliminary

infringement contentions to add claims from the Patents-in-Suit that have not been cancelled. However, the Court denied that motion. The Court also denied Capella's Motion to Stay the Action pending the completion of the USPTO's review of Capella's Reissue Applications for the Patents-in-Suit. In light of the USPTO's cancellation of the above-identified patent claims and this Court's decisions denying Capella leave to amend its infringement contentions and to stay the consolidated actions, the actions are moot, subject matter jurisdiction no longer exists, and they should be dismissed without prejudice.

    Capella's Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Christopher Wanger and accompanying exhibits, all pleadings, records and files herein, and upon such other and further matters as may be presented in connection with this Motion.

Dated: July 25, 2019                    MANATT, PHELPS & PHILLIPS, LLP

                                            By: */s/ Robert D. Becker*
                                                 Robert D. Becker

                                                 Attorneys for Plaintiff
                                                 CAPELLA PHOTONICS, INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  ISSUES TO BE DECIDED

Does the Court continue to have jurisdiction over a patent infringement action (and related declaratory judgment counterclaims) where the USPTO has cancelled all claims identified by the plaintiff in its preliminary infringement contentions and the Court has denied the plaintiff leave to amend those contentions?

Where a Court loses jurisdiction over an action for patent infringement (and related declaratory judgment counterclaims) due to the USPTO's cancellation of all claims identified by the plaintiff in its preliminary infringement contentions, but non-asserted claims of the Patents-in-Suit remain valid [and the Patents-in-Suit remain subject to pending Reissue Applications], should the Court dismiss the action as moot and without prejudice?

## II.  INTRODUCTION

After the USPTO canceled all of the claims of the Patents-in-Suit identified by Capella in its preliminary infringement contentions, Capella moved to keep this matter stayed pending resolution of the Reissue Applications or, in the alternative, for leave to amend its preliminary infringement contentions.  The Court denied that motion and invited a motion to dismiss the actions.  (*See* Dkt. # 219.)  As a result of the cancellation of all of Capella's asserted patent claims and this Court's subsequent rulings prohibiting Capella from adding new infringement claims of the Patents-in-Suit that have not been canceled, these actions are moot and the Court no longer has subject matter jurisdiction.  For these reasons and those set forth more fully below, the Court should revisit its subject matter jurisdiction and dismiss the actions without prejudice.

## III.  FACTUAL AND PROCEDURAL BACKGROUND

Capella is a pioneer of optical switching technology used in optical transmission networks by the telephone, Internet, and cable television industries.  Capella has been granted an extensive of portfolio of patents on optical switching devices, including U.S. Patent RE42,368 (the "'368 Patent") and U.S. Patent RE42,678 (the "'678 Patent")(collectively the "Patents-in-Suit").  (*See* Amended Complaint at Dkt. # 30.)

Capella filed this patent infringement action in February 2014 in the Southern District of Florida. (*See* Dkt. #1.) Capella thereafter filed preliminary infringement contentions in April 2014, as ordered by the Florida Court. (*See* Scheduling Order at Dkt. #16 and Capella's Notice of Filing of Infringement Contentions at Dkt. # 25.) In its preliminary infringement contentions, Capella asserted that Cisco infringed claims 1-6, 9-12 and 15-22 of the '368 Patent and claims 1-4, 9, 10, 13, 17, 19-23, 27, 29, 44-46, 53 and 61-65 of the '678 Patent. (*See* accompanying Declaration of Christopher Wanger ("Wanger Decl.") at ¶ 12). Capella asserted similar preliminary infringement contentions against the other Defendants.

In response to Capella's Complaint against it, one of the Defendants, Ciena, asserted counterclaims seeking declaratory relief (non-infringement and invalidity) with respect to the Patents-in-Suit. (*See* Ciena's Answer and Counterclaim at Dkt. 155.) The Florida District Court subsequently consolidated the cases, and Defendants obtained a transfer of the action to this Court in July 2014. (*See* Consolidation Order at Dkt. #76 and Transfer Order at Dkt. # 77.)

On July 15, 2014, Cisco filed a petition with the United States Patent Trial and Appeal Board ("PTAB") seeking *inter partes* review ("IPR") (IPR2014-01166) of certain claims of the '368 Patent. Cisco filed an IPR petition (IPR2014-01276) directed to certain claims of the '678 Patent less than a month later. In the IPR petitions, Cisco challenged the patentability of the claims asserted by Capella in its preliminary infringement contentions, but no others. After the other Defendants filed similar IPR petitions, the PTAB joined Ciena, FNC, and Coriant in these two IPR proceedings (the "IPR Proceedings"). Like Cisco, the other Defendants challenged only the claims of the Patents-in-Suit asserted by Capella in its preliminary infringement contentions.

After the PTAB instituted *inter parties* review proceedings for the Patents-in-Suit, the Court granted Cisco's motion to stay this case by Order dated March 6, 2015. (*See* Dkt. # 172.) As a result, this case remained in its early stages. No substantive activity has taken place in the approximately four years since Defendants sought and obtained the stay. Nor have Defendants ever sought to lift the stay or contended that the stay was lifted by its terms.

Between January 2016 and October 2016, the PTAB issued Final Written Decisions in connection with the IPR Proceedings, finding the challenged claims unpatentable. (True and

correct copies of the PTAB's Final Written Decisions are attached as Exhibits A and B to the Wanger Decl.)  The Federal Circuit affirmed the PTAB's Final Written Decisions in February 2018.  (A copy of the Federal Circuit's Judgment is attached as Exhibit C to the Wanger Decl.)  Capella exhausted its appeals in November 2018 when the U.S. Supreme Court denied its Petition for Writ of Certiorari.  (A copy of the Supreme Court's denial of Capella's Petition is attached as Exhibit D to the Wanger Decl.)

On June 29, 2018, Capella filed with the USPTO applications pursuant to 35 U.S.C. § 251 to reissue both the '368 Patent and the '678 Patent (the "Reissue Applications").  Section 251 provides for the reissue of any patent that is, "through error, deemed wholly or partly inoperative or invalid."  The Reissue Applications include amendments to certain of the original claims, as well as new claims.  (Wanger Decl., ¶¶ 10 & 11; Exs. G and H.)  The Reissue Applications have advanced to the examination stage and Office Actions have been issued.

On December 10, 2018, the USPTO cancelled claims 1-6, 9-13, and 15-22 of the '368 Patent and claims 1-4, 9, 10, 13, 17, 19-23, 27, 29, 44-46, 53, and 61-65 of the '678 Patent. (Wanger Decl., ¶¶8 & 9; Exs. E and F.)  Claims 7, 8, and 14 of the '368 Patent and claims 5-8, 11, 12, 14-16, 18, 24-26, 28, 30-43, 47-52, 54-60, and 66-67 of the '678 Patent were not cancelled and remain valid and enforceable.

On February 14, 2019, Capella moved to keep this matter stayed pending resolution of the Reissue Applications or, in the alternative, for leave to amend its preliminary infringement contentions.  (Dkt. # 205.)  The Court denied that motion and invited a motion to dismiss the actions.  (Dkt. # 219 at p. 12.)

## IV.     DISCUSSION

Given the USPTO's cancellation of all patent claims asserted in Capella's preliminary infringement contentions, this Court now lacks jurisdiction over Capella's pending claims for patent infringement – and dismissal without prejudice for mootness is appropriate.  *See, e.g.*, *Fresenius USA, Inc. v. Baxter International, Inc.*, 721 F.3d 1300, 1340 (Fed.Cir. 2013)("when a claim is cancelled, the patentee loses any cause of action based on that claim, and any pending

litigation in which the claims are asserted becomes moot"); *Target Training International, Ltd. v. Extended Disc North America, Inc.*, 645 F. Appx. 1018, 1025 (Fed. Cir. 2016)("a dismissal for mootness is a dismissal for lack of jurisdiction….[a] dismissal for lack of jurisdiction is not a dismissal on the merits…[r]ather, the Supreme Court has specifically rejected deciding the merits of a case where the court lacks jurisdiction because jurisdiction is a threshold question…"); *SHFL Entertainment, Inc. v. DigiDeal Corp.*, 729 Fed. Appx. 931, 934 (Fed. Cir. 2018)(case found moot, and dismissed for lack of jurisdiction, where all asserted claims cancelled; district court grant of summary judgment vacated). And, any exception to the general rule that a dismissal for mootness is a dismissal without prejudice is extinguished by, at least, the existence of additional '368 and '678 Patent claims (including those patent claims that were the subject of Capella's motion to amend its infringement contentions). *See*, *e.g.*, *Transport Technologies, LLC v. Los Angeles Metropolitan Transportation Authority*, 2019 WL 2058630 at *1-2 (C.D. Cal., May 8, 2019)(dismissing case as moot without prejudice in light of the PTAB's decision finding the asserted claims unpatentable; rejecting defendants request for a dismissal with prejudice, including because the PTAB did not invalidate non-asserted claims of the patent-in-suit); *Puget Bioventures, LLC v. Biomet Orthopedics, LLC*, 325 F. Supp.3d 899, 904 (N.D. Ind. 2018) (dismissing moot allegations of patent infringement, without prejudice, after cancellation of asserted claims); *Lemaire Illumination Technologies, LLC v. HTC Corp.*, 2019 WL 1489065 at *2-3 (E.D. Tex., April 4, 2019)(dismissing without prejudice as moot patent counts where the only asserted patent claims were disclaimed).

     Ciena is the only Defendant having pending counterclaims. (Dkt. 155 at 20-22). And, those four counterclaims in Northern District of California Case No. 3:14-cv-033351-EMC should similarly be dismissed without prejudice for lack of jurisdiction/mootness – as they seek declaratory relief directed to the validity and infringement of the '368 and '678 Patent claims asserted in Capella's preliminary infringement contentions (claims which have all been formally cancelled by the USPTO). *See*, *e.g.*, *MD Security Solutions LLC v. Protection 1, Inc.*, Middle District of Florida Case No. 6:15-cv-1968-Orl-40GJK (September 26, 2017)(dismissing

counterclaims seeking declaratory judgments of invalidity and non-infringement as moot when all asserted claims of the patent-in-suit cancelled).

## V.  CONCLUSION

For the reasons stated above, Capella's motion should be GRANTED in its entirety, and all pending claims and counterclaims in all of the above-identified consolidated actions should be dismissed without prejudice for lack of subject matter jurisdiction/mootness.

Dated:  July 25, 2019         MANATT, PHELPS & PHILLIPS, LLP

By: */s/ Robert D. Becker*
     Robert D. Becker

     Attorneys for Plaintiff
     CAPELLA PHOTONICS, INC.