1  (Counsel information listed on signature
2  page)

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION

| | |
|---|---|
| CAPELLA PHOTONICS, INC., | Lead Case No. 3:14-cv-03348-EMC |
| Plaintiff, | **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS ACTIONS WITHOUT PREJUDICE AS MOOT AND FOR LACK OF JURISDICTION AND CROSS-MOTION FOR ENTRY OF SUMMARY AND/OR FINAL JUDGMENT PURSUANT TO FRCP 54, 56, AND/OR 58, AND REQUEST TO AWARD DEFENDANTS' COSTS** |
| v. | |
| CISCO SYSTEMS, INC., | |
| Defendant. | |

**Hearing Date:** August 30, 2019
**Time:** 1:30 pm.
**Courtroom:** 5
**Judge:** Hon. Edward M. Chen

| | |
|---|---|
| CAPELLA PHOTONICS, INC., | No. 3:14-CV-03349-EMC (related case) |
| Plaintiff, | |
| v. | |
| FUJITSU NETWORK COMMUNICATIONS, INC., | |
| Defendant. | |

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO DISMISS AND CROSS-MOTION
FOR ENTRY OF FINAL JUDGMENT AND
REQUEST TO AWARD DEFENDANTS COSTS

CASE NO. 3:14-CV-03348-EMC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| CAPELLA PHOTONICS, INC., | No. 3:14-CV-03350-EMC (related case) |
| Plaintiff, | |
| v. | |
| TELLABS OPERATIONS, INC. AND CORIANT (USA) INC., | |
| Defendants. | |
| CAPELLA PHOTONICS, INC., | No. 3:14-CV-03351-EMC (related case) |
| Plaintiff, | |
| v. | |
| CIENA CORPORATION, | |
| Defendant. | |

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO DISMISS AND CROSS-MOTION
FOR ENTRY OF FINAL JUDGMENT AND
REQUEST TO AWARD DEFENDANTS COSTS

CASE NO. 3:14-CV-03348-EMC

1

<u>**NOTICE OF CROSS-MOTION AND CROSS-MOTION**</u>

2

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3

PLEASE TAKE NOTICE that on August 30, 2019 or as soon thereafter as the matter may

4

be heard, in Courtroom 5 - 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102,

5

defendants Cisco Systems, Inc., Fujitsu Network Communications, Inc., Coriant Operations, Inc.

6

(formerly Tellabs Operations, Inc.), Coriant (USA) Inc., and Ciena Corporation (collectively,

7

"Defendants") move the Court to enter summary and/or final judgment pursuant to FRCP 54, 56,

8

and/or 58, and to award Defendants' costs.  This motion is based on this Notice of Motion, the

9

attached memorandum of points and authorities in support thereof, the pleadings and documents

10

on file in this case, and such other evidence and argument as may be presented at the hearing on

11

this motion.

12

**STATEMENT OF RELIEF REQUESTED AND**
<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

13

Plaintiff's infringement counts have failed and its Complaints that alleged each respective

14

Defendant infringed U.S. Patent Nos. RE42,368 (the "'368 Patent") and RE42,678 (the "'678

15

Patent") (collectively, the "Asserted Patents") must be dismissed with prejudice.   Plaintiff's

16

assertion that the Court lacks jurisdiction based on the cancellation of the patent claims asserted by

17

Plaintiff, Docket No.   221 at 5, ignores Plaintiff's futile effort to amend its infringement

18

contentions after such cancellation and erroneously seeks to deprive Defendants of final judgment

19

in their favor and prevailing party status under the law.  Defendants respectfully request that the

20

Court deny Plaintiff's motion and enter summary and/or final judgment in Defendants' favor on

21

Plaintiff's infringement counts pursuant to Federal Rules of Civil Procedure 54, 56, and/or 58 and

22

award statutory costs to Defendants.

23

I.   **FACTUAL BACKGROUND**

24

In 2014, Plaintiff filed Complaints alleging that each respective Defendant infringed the

25

26

27

28

1

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO DISMISS AND CROSS-MOTION
FOR ENTRY OF FINAL JUDGMENT AND
REQUEST TO AWARD DEFENDANTS COSTS

CASE NO. 3:14-CV-03348-EMC

1  Asserted Patents.  Docket No. 30 (Cisco)[1]; No. 3:14-cv-03349-EMC, Docket No. 18-1 (Fujitsu));

2  No. 3:14-cv-03350-EMC, Docket No. 31 (Tellabs and Coriant); No. 3:14-cv-03351-EMC, Docket

3  No. 82 (Ciena).  Defendants denied Plaintiff's infringement counts in their operative responsive

4  pleadings filed after transfer of venue and consolidation.  Docket No. 153 (Coriant's Amended

5  Answer), Docket No. 154 (Tellabs' Amended Answer); Docket No. 155 (Ciena's Amended

6  Answer and Counterclaims); Docket No. 157 (Cisco's Amended Answer); Docket No. 158

7  (Fujitsu's Amended Answer).

8     Defendants also sought *inter partes* review ("IPR") at the Patent Trial and Appeal Board

9  ("PTAB") of the claims of the Asserted Patents that Plaintiff asserted in its infringement

10 contentions ("Asserted Claims").  Browand Decl., Exs. 1 & 2.  In January and February 2015, the

11 PTAB instituted IPRs on the Asserted Claims.  *Id.*  The Court stayed these cases in March 2015,

12 pending the PTAB's IPR proceedings.  Docket No. 172.  In 2016, the PTAB invalidated the

13 Asserted Claims, and the Federal Circuit affirmed the invalidation in February 2018 and issued its

14 mandate in April 2018.  Browand Decl., Exs. 3 & 4.  Plaintiff petitioned the Supreme Court which

15 denied Plaintiff's petition on November 5, 2018.  *Id.*, Ex. 5.  In December, the PTAB issued

16 certificates that canceled the Asserted Claims.  *Id.*, Exs. 6 & 7.

17    On February 14, 2019, Plaintiff sought to avoid dismissal of these cases and moved to

18 maintain the stay of these cases and amend its infringement contentions.  Docket No. 205.  On

19 February 21, 2019, Defendants opposed Plaintiff's motion and sought dismissal for failure to

20 prosecute under Federal Rule of Civil Procedure 41(b).  Docket No. 209.

21    On June 4, 2019, the Court denied Plaintiff's motion to (1) maintain the stay of these cases

22 and (2) amend its infringement contentions.  The Court also denied Defendants' motion to dismiss

23 for failure to prosecute "without prejudice to Defendants moving for judgment on the merits

24 through an appropriate vehicle."  Docket No. 219 at 12.

25

26 [1] All "Docket No." citations are to the docket in *Capella Photonics, Inc. v. Cisco Systems, Inc.*, No. 3:14-cv-03348-EMC (N.D. Cal.) except as otherwise noted.

27

28
DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO DISMISS AND CROSS-MOTION
FOR ENTRY OF FINAL JUDGMENT AND                           CASE NO. 3:14-CV-03348-EMC
REQUEST TO AWARD DEFENDANTS COSTS

Defendants subsequently sought Plaintiff's cooperation in amicably concluding these cases but Plaintiff refused—withholding its position for weeks and then filing its motion without notice to Defendants.   On June 26, 2019, Defendants' counsel contacted Plaintiff's counsel to confer about an agreed procedure for terminating these actions, and the parties' counsel conducted a conferral on July 3.  Browand Decl., Ex. 10.  On July 3, Defendants informed Plaintiff of their intention to seek summary and/or final judgment, Plaintiff agreed to consider Defendants' proposal, and Defendants' counsel provided Plaintiff with legal authority supporting their position. *Id*.  On July 11, Plaintiff claimed that it was still considering Defendants' proposal and asked for a copy of the proposed motion, which Defendants provided the next day.  *Id*.  On July 16, the parties conducted a second conferral at Plaintiff's request.  *Id*.  Finally, on July 17, Plaintiff stated that it believed summary judgment was improper but did not inform Defendants of its motion prior to filing. *Id*.

## II.   PLAINTIFF'S INFRINGEMENT CLAIMS FAILED AND JUDGMENT FOR DEFENDANTS IS APPROPRIATE

Defendants are entitled to summary and/or final judgment on the merits of Plaintiff's infringement counts because the Asserted Claims are invalid and the Court denied Plaintiff's motion to maintain the stay and/or amend Plaintiff's infringement contentions.  *See, e.g.*, *Hopkins Mfg. Corp. v. Cequent Performance Prods., Inc.*, 223 F. Supp. 3d 1194, 1200 (D. Kan. 2016) ("Despite the cancellation of claims in this case at the USPTO …, this case may proceed to entry of judgment."); *Munchkin, Inc. Luv N'Care, Ltd.*, No. CV 13-06787 JEM, 2018 WL 7507424, at *2 (C.D. Cal. May 2, 2018) (finding that despite the PTAB's invalidity ruling, "this Court necessarily must act to terminate Plaintiff's infringement claim").   Plaintiff has not offered a covenant not to sue, and "no case holds that a PTAB invalidity ruling precludes entry of final judgment on infringement or conferral of prevailing party status on a defendant." *Munchkin*, 2018 WL 7507424, at *2.

None of Plaintiff's cited cases are applicable here.  *First*, *Fresenius USA, Inc. v. Baxter International, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013), does not support Plaintiff's position.  *Cf.*

3

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO DISMISS AND CROSS-MOTION
FOR ENTRY OF FINAL JUDGMENT AND
REQUEST TO AWARD DEFENDANTS COSTS

CASE NO. 3:14-CV-03348-EMC

Docket No. 221 at 5-6. *Fresenius* "does not address subject matter jurisdiction or how a plaintiff's moot infringement claims should be dismissed…." *Munchkin, Inc. Luv N'Care, Ltd.*, 2018 WL 7507424, at *2. *Second*, *Target Training International, Ltd. v. Extended Disc North America, Inc.* is unavailing because the mootness finding there was premised on the fact that Target Training, unlike Plaintiff here, never "sought to assert" other claims in the patent-in-suit. 645 F. App'x 1018, 1023-25 (Fed. Cir. 2016); *see SHFL Entm't, Inc. v. DigiDeal Corp.*, 729 F. App'x 931, 934 (Fed. Cir. 2018) (same). *Third*, Plaintiff's citation to other cases dismissed without prejudice because future suits on the non-canceled claims in the same patents were still possible, *cf*. Docket No. 221 at 6, does not address the present situation involving pending reissue applications because Plaintiff concedes that "[u]pon reissue Capella will surrender the" Asserted Patents in full. Docket No. 205 at 2; *see Kimberly-Clark Worldwide Inc. v. First Quality Baby Products LLC*, Case No. 14-cv-1466, 2017 WL 481434, at *2 (E.D. Wis. Jan. 1, 2017) (dismissing patent claims with prejudice because plaintiff cannot cure and bring a subsequent action involving its canceled patent).

Here, all parts of Plaintiff's causes of action have been resolved against Plaintiff and Plaintiff can no longer maintain a claim of infringement of the Asserted Patents under its infringement counts against any of the Defendants. The Patent and Trademark Office canceled Plaintiff's Asserted Claims, Browand Decl., Exs. 6 & 7, and the Court denied Plaintiff's motion to amend its infringement contentions to add unasserted claims. Docket No. 219. Accordingly, Plaintiff's infringement counts fail, and Defendants are entitled to entry of final judgment in their favor and dismissal of Plaintiff's Complaints with prejudice. *E.g.*, *Munchkin*, 2018 WL 7507424, at *3 (granting motion for entry of final judgment); *see* Browand Decl., Ex. 8, *Munchkin, Inc. v. Luv N'Care, Ltd.*, No. CV 13-06787 JEM, Dkt. No. 187 (C.D. Cal. May 2, 2018) (final judgment).

III.   **THE COURT SHOULD ADDITIONALLY GRANT CIENA'S CONDITIONAL REQUEST THAT THE COURT DISMISS ITS COUNTERCLAIMS WITHOUT PREJUDICE**

After the Court enters summary and/or final judgment on the merits of Plaintiff's infringement counts, the only remaining counts in this case will be Ciena's first through fourth

4

counterclaims.  *See* Docket No. 155 at 20-22.  Ciena respectfully requests that, if the Court enters the judgment requested above on Capella's infringement counts, it also dismiss these counterclaims without prejudice pursuant to Fed. R. Civ. Pro. 41(a)(2).  *See also* Fed. R. Civ. Pro. 41(c) (applying Rule 41 to counterclaims).  This dismissal without prejudice is proper because it will allow the parties and the court to avoid expending resources to address counterclaims that are no longer necessary in light of the Court's dismissal of Capella's infringement counts.  *See Helios Software, LLC v. SpectorSoft Corp.*, No. CV 12-81-LPS, 2015 WL 3622399, at *4 (D. Del. June 5, 2015).

**IV.    DEFENDANTS ARE THE PREVAILING PARTY AND SHOULD BE AWARDED STATUTORY COSTS**

Defendants are the prevailing party in these litigations.  A judgment and dismissal in this case of Plaintiff's infringement claims confers prevailing party status on the Defendants.  *Raniere v. Microsoft Corp.*, 887 F.3d 1298, 1303 (Fed. Cir. 2018) (affirming a prevailing party finding where suit was dismissed for lack of standing); *see also CRST Van Expedited, Inc. v. E.E.O.C.*, 136 S. Ct. 1642, 1651 (2016) ("[A] defendant need not obtain a favorable judgment on the merits in order to be a 'prevailing party'…. The defendant may prevail even if the court's final judgment rejects the plaintiff's claim for a nonmerits reason.").  Here, Defendants have fulfilled their "primary objective" since Capella's "challenge is rebuffed, irrespective of the precise reason for the court's decision."  *CRST*, 136 S. Ct. at 1652-53 (recognizing that defendants were deemed prevailing parties in other cases where plaintiffs' claims were rejected as "frivolous, unreasonable," "groundless" and "moot").

Consistent with Federal Rule of Civil Procedure Rule 54(d), this Court should award Defendants their statutory costs.  Fed. R. Civ. Pro. 54(d) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party.").  The rule establishes "a presumption that the prevailing party will be awarded its taxable costs."  *Dawson v. City of Seattle*, 435 F.3d 1054, 1070 (9th Cir. 2006).  Courts award costs to defendants when the Patent Office has determined that the patent claims asserted in the

5

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS AND CROSS-MOTION FOR ENTRY OF FINAL JUDGMENT AND REQUEST TO AWARD DEFENDANTS COSTS

CASE NO. 3:14-CV-03348-EMC

parallel litigation were invalid. *See, e.g., Motion Games, LLC v. Nintendo Co., Ltd.*, Case No. 12-cv-878, 2016 WL 9136171, at \*3-\*4 (E.D. Tex. Oct. 24, 2016) (awarding costs to the defendants following invalidation of claims in IPR); *Kimberly-Clark*, 2017 WL 481434, at \*3 (dismissing claims found invalid in IPR with prejudice, and awarding the defendant "statutory costs"); Browand Decl., Ex. 9, *Personal Audio LLC v. CBS Corp.*, No. 2:13-cv-270, Dkt. No. 126 (E.D. Tex. July 11, 2018) (judgment).

Defendants' entitlement to "prevailing party" status is a substantial right that permits Defendants to file a Rule 54(d)(2) motion for an award of attorneys' fees and related nontaxable costs. *See, e.g.*, 35 U.S.C. § 285 ("The court in exceptional cases may award reasonable attorney fees to the prevailing party."). Thus, Defendants request entry of final judgment (instead of another form of termination) "in order to avoid prejudice to Defendants' prevailing party status." *Munchkin*, 2018 WL 7507424, at \*2.

Accordingly, Defendants respectfully request that this Court deny Plaintiff's motion and enter final judgment in favor of Defendants, dismiss Plaintiff's infringement Complaints in these cases with prejudice, and award Defendants statutory costs as the prevailing party.

6

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO DISMISS AND CROSS-MOTION
FOR ENTRY OF FINAL JUDGMENT AND
REQUEST TO AWARD DEFENDANTS COSTS

CASE NO. 3:14-CV-03348-EMC

Respectfully submitted,

DATED:  August 8, 2019

BAKER BOTTS L.L.P.

By: /s/ John F. Gaustad
WAYNE O. STACY (SBN 314579)
wayne.stacy@bakerbotts.com
SARAH J. GUSKE (SBN 232467)
sarah.guske@bakerbotts.com
BAKER BOTTS L.L.P.
101 California Street, Suite 3600
San Francisco, California  94111
Telephone:+1-415-291-6200
Facsimile: +1-415-291-6300

JOHN F. GAUSTAD (SBN 279893)
john.gaustad@bakerbotts.com
1001 Page Mill Road
Building One, Suite 200
Palo Alto, California 94304

Attorneys for Defendant
CISCO SYSTEMS, INC.

By: /s/ Nathaniel T. Browand
Nathaniel T. Browand*
nbrowand@milbank.com
MILBANK LLP
55 Hudson Yards
New York, NY 10001
Tel: (212) 530-5000
Fax: (212) 530-5219

Mark C. Scarsi (SBN 183926)
mscarsi@milbank.com
MILBANK LLP
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067
Tel: (424) 386-4000
Fax: (213) 629-5063
* admitted pro hac vice

Attorneys for Defendant
Fujitsu Network Communications, Inc.

By: /s/ J. Pieter Van Es
BANNER & WITCOFF, LTD.
J. PIETER VAN ES (CBN 250524)
pvanes@bannerwitcoff.com

7

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO DISMISS AND CROSS-MOTION
FOR ENTRY OF FINAL JUDGMENT AND
REQUEST TO AWARD DEFENDANTS COSTS

CASE NO. 3:14-CV-03348-EMC

THOMAS K. PRATT*
tpratt@bannerwitcoff.com
TIMOTHY J. RECHTIEN*
trechtien@bannerwitcoff.com
10 South Wacker Drive, Suite 3000
Chicago, IL 60606
Telephone: (312) 463-5000
Facsimile: (312) 463-5001

PILLSBURY WINTHROP SHAW
PITTMAN LLP
COLIN T. KEMP (SBN 215408)
colin.kemp@pillsburylaw.com
STEPHEN E. BERGE (SBN 274329)
stephen.berge@pillsburylaw.com
4 Embarcadero Center, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 983-1000
Facsimile: (415) 983-1200

* admitted pro hac vice
*Attorneys for Defendants*
*Coriant Operations, Inc. (formerly Tellabs*
*Operations, Inc.) and Coriant (USA) Inc.*


By: /s/  Clement Naples
Matthew Moore*
E-mail: matthew.moore@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
202-637-2200

Clement Naples*
E-mail: clement.naples@lw.com
LATHAM & WATKINS LLP
885 Third Ave
New York, NY 10022
212-906-1200

Kyle Virgien (Bar No. 278747)
E-mail: kyle.virgien@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
415-395-8074
* pro hac vice

*Attorneys for Defendant*
*Ciena Corporation*

8

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO DISMISS AND CROSS-MOTION
FOR ENTRY OF FINAL JUDGMENT AND
REQUEST TO AWARD DEFENDANTS COSTS

CASE NO. 3:14-CV-03348-EMC

1

2

     All signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing as per Local Rule 5-1(i).

3

4

                             By: /s/ *Nathaniel T. Browand*
                             Nathaniel T. Browand

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO DISMISS AND CROSS-MOTION
FOR ENTRY OF FINAL JUDGMENT AND
REQUEST TO AWARD DEFENDANTS COSTS

                  CASE NO. 3:14-CV-03348-EMC