UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAPELLA PHOTONICS, INC., <br> Plaintiff, <br> v. <br> CISCO SYSTEMS INC, et al., <br> Defendants. | Case No. 14-cv-03348-EMC <br><br> **ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE** <br><br> Docket No. 221 |

Plaintiff Capella Photonics, Inc. brought patent infringement claims against four Defendants in the Southern District of Florida. Those cases were consolidated and transferred to the Northern District of California. In 2014, one of the Defendants filed a petition with the Patent Trial and Appeal Board seeking institution of *inter partes* review on the challenged claims. In March 2015, the Court stayed this case pending the PTAB's IPR Proceedings, and after the claims were cancelled by the PTAB (an outcome affirmed by the Federal Circuit), this Court lifted the stay in June 2019. Plaintiff now brings a Motion to Dismiss Without Prejudice, challenging the Court's subject matter jurisdiction and alleging that the claims are now moot. Defendants seek dismissal of Plaintiff's claims with prejudice, summary judgment in favor of Defendants, and the awarding of statutory costs.

## I.     BACKGROUND

According to Plaintiff, "Capella is a pioneer of optical switching technology used in optical transmission networks by the telephone, Internet, and cable television industries." Motion to Dismiss ("MTD") at 3. The company has "an extensive of [sic] portfolio of patents on optical switching devices." *Id.* This case is a consolidated patent infringement case that was originally

filed as several cases in the Southern District of Florida in 2014.  *See* Docket No. 1; Docket No. 111.  Plaintiff "alleged that each respective Defendant infringed U.S. Patent Nos. RE42,368 (the ''368 Patent') and RE42,678 (the ''678 Patent')[.]" Opposition to Motion to Stay or in the Alternative to Amend at 6, Docket No. 209.  Plaintiff served infringement contentions on those patents, and Defendants served invalidity contentions.  *Id.*  On July 15, 2014, one of the Defendants filed a petition with the Patent Trial and Appeal Board ("PTAB") seeking institution of *inter partes* review ("IPR") proceedings on the then asserted claims.  *Id.*  In July 2014, the case was transferred to this Court.  *See* Order Granting Defendants' Motion to Transfer, Docket No. 77.

In March 2015, the Court stayed this case pending the PTAB's IPR Proceedings.  Docket No. 172.  Between January 2016 and October 2016, it was determined that all of Plaintiff's claims identified in its preliminary infringement contentions for the '368 and '678 patents were invalid.  Motion to Stay or in the Alternative to Amend at 7 ("MTS"), Docket No. 205.  The Federal Circuit affirmed that determination in February 2018.  MTS at 7.  Plaintiff then exhausted its appeals on November 5, 2018 when the Supreme Court denied its petition for writ of certiorari.  *Id.*  "On December 10, 2018, the PTO issued IPR certificates cancelling claims 1-6, 9-13 and 15-22 of the '368 Patent and claims 1-4, 9, 10, 13, 17, 19-23, 27, 29, 44-46, 53 and 61-65 of the '678 Patent." MTS at 17; Becker Declaration ¶ 11, Docket No. 205–1.  Other claims of those patents were not adjudicated.

Meanwhile, "[o]n June 29, 2018, before the PTO cancelled the challenged claims," Plaintiff filed reissue applications.  MTS at 7.  Plaintiff asserts that the "[c]laims in these newly reissued patents that are substantially identical with the original claims will constitute a continuation of the original Reissue Patents-in-Suit and have effect continuously from their original date of issuance." *Id.* at 2.  Plaintiff asked the Court to extend the imposed stay until after a determination on the reissue application.  On June 4, 2019, the Court denied Plaintiff's Motion to Extend Stay and its subsequent request to amend its infringement contentions to include claims not brought in the IPR proceedings.  Docket No. 219.  The Court also denied Defendants' motion to dismiss for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *Id.*

Plaintiff now brings a Motion to Dismiss Actions Without Prejudice as Moot and for Lack

2

of Jurisdiction ("MTD"). Docket No. 221. Plaintiff contends that "[a]s a result of the cancellation of all of Capella's asserted patent claims and this Court's subsequent rulings prohibiting Capella from adding new infringement claims of the Patents-in-Suit that have not been canceled, these actions are moot and the Court no longer has subject matter jurisdiction." *Id.* at 3. It argues that "all pending claims and counterclaims . . . should be dismissed without prejudice for lack of subject matter jurisdiction/mootness." MTD at 7. Defendants, on the other hand, believe that the matter should be dismissed with prejudice. Defendants' Opposition to Motion to Dismiss ("Opposition") at 1, Docket No. 223. Defendants request that the Court "deny Plaintiff's motion and enter summary and/or final judgment in Defendants' favor on Plaintiff's infringement counts pursuant to Federal Rules of Civil Procedure 54, 56, and/or 58 and award statutory costs to Defendants." *Id.*

## II. DISCUSSION

### A. Legal Standard

"A federal court lacks jurisdiction to hear a case that is moot." *Bishop Paiute Tribe v. Inyo Cty.*, 863 F.3d 1144, 1155 (9th Cir. 2017) (citing *Foster v. Carson*, 347 F.3d 742, 744 (9th Cir. 2003)). "If there is no longer a possibility that an appellant can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction." *Foster*, 347 F.3d at 745 (citing *Ruvalcaba v. City of L.A.,* 167 F.3d 514, 521 (9th Cir.1999)); *see also Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011) (The "lack of Article III standing requires dismissal for lack of subject matter jurisdiction . . . ." (emphasis removed)). In patent cases, "there is no bright-line rule for determining whether an action satisfies the case or controversy requirement"; instead a Court must evaluate whether "the dispute be definite and concrete, touching the legal relations of parties having adverse legal interests; and that it be real and substantial and admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Streck, Inc. v. Research & Diagnostic Sys., Inc.*, 665 F.3d 1269, 1282 (Fed. Cir. 2012) (citing *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)).

B. <u>Analysis</u>

1. <u>Mootness</u>

The first question raised by this motion is whether Plaintiff's claims are moot. Generally, when claims challenged in a patent infringement case are cancelled, the Plaintiff's claims become moot. Put simply, "suits based on cancelled claims must be dismissed." *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1338 (Fed. Cir. 2013).

As the Federal Circuit noted in *Mylan Pharm. Inc. v. Research Corp. Techs., Inc.*, 914 F.3d 1366 (Fed. Cir. 2019), "there is no case or controversy regarding . . . cancelled claims." *Id.* at 1369 (citing *Fresenius*, 721 F.3d at 1347, and noting that in *Fresenius* the "litigation became moot because of the cancellation of claims"); *see also Target Training Int'l, Ltd. v. Extended Disc N. Am., Inc.*, 645 F. App'x 1018, 1023 (Fed. Cir. 2016) ("*Fresenius* makes clear that 'when a claim is cancelled, the patentee loses any cause of action based on that claim, and any pending litigation in which the claims are asserted becomes moot.'"); *SHFL Entm't, Inc. v. DigiDeal Corp.*, 729 F. App'x 931, 934 (Fed. Cir. 2018) (quoting same language from *Fresenius*); *Sanofi-Aventis U.S., LLC v. Dr. Reddy's Labs., Inc.*, No. 2018-1804, 2019 WL 3807979, at *3 (Fed. Cir. Aug. 14, 2019) (Federal Reporter citation not yet available) (quoting same language from *Fresenius*).

Defendants cite *Munchkin, Inc. v. Luv N' Care, Ltd.*, No. CV 13-06787 JEM, 2018 WL 7507424 (C.D. Cal. May 2, 2018) for the proposition that *Fresenius* "does not address subject matter jurisdiction." *id.* at *2, and therefore that it does not support Plaintiff's assertions of mootness. However, the *Fresenius* court did state—albeit in dicta—that "in general, when a claim is cancelled, the patentee loses any cause of action based on that claim, and any pending litigation in which the claims are asserted becomes moot." *Fresenius*, 721 F.3d at 1340. In addition, Defendants' argument ignores the numerous cases that have subsequently relied on *Fresenius* for the proposition that the cancellation of claims creates a mootness issue. As discussed above, where a claim is moot, it must be dismissed for lack of subject matter jurisdiction. *See Foster*, 347 F.3d at 745; *Maya*, 658 F.3d at 1067.

Defendants also attempt to distinguish *Target Training*. They argue that the case "is unavailing because the mootness finding there was premised on the fact that Target Training,

4

unlike Plaintiff here, never 'sought to assert' other claims in the patent-in-suit." Opposition at 4. Conversely, in the instant case, Plaintiff has already attempted to "add claims from the Patents-in-Suit that have not been cancelled," MTD at 1–2, and applied to have Plaintiff's cancelled claims reissued, MTD at 5. But the Court has denied Plaintiff's request to amend in claims which were not cancelled and which were not previously asserted. They are not part of this case. As to the asserted claims which were cancelled, "[u]pon reissue Capella will surrender the original Reissue Patents-in-Suit." MTS at 2. Plaintiff will have to assert a newly reissued patent in a new suit if it seeks to enforce it. That does not alter the fact that *this* litigation is moot.

Accordingly, the Court finds that Plaintiff's claims have become moot and that the Court therefore lacks jurisdiction over this case. As a result, it **DISMISSES** Plaintiff's claims.

2. <u>Dismissal Without Prejudice</u>

Having determined that Plaintiff's claims must be dismissed, the Court must also determine whether to dismiss the claims with or without prejudice. Plaintiff argues that the dismissal should be without prejudice, MTD at 1, while Defendants ask the Court to dismiss Plaintiff's claims with prejudice, Opposition at 6. Generally, "dismissal for lack of jurisdiction is not a dismissal on the merits. Rather, the Supreme Court has specifically rejected deciding the merits of a case where the court lacks jurisdiction because jurisdiction is a threshold question, and 'without jurisdiction the court cannot proceed at all in any cause.'" *Target Training*, 645 F. App'x at 1025 (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)); *Transp. Techs., LLC v. Los Angeles Metro. Transportation Auth.*, No. CV 15-6423-RSWL-MRW, 2019 WL 2058630, at *2 (C.D. Cal. May 8, 2019) (quoting the same language from *Steel Co.*); *Puget Bioventures, LLC v. Biomet Orthopedics LLC*, 325 F. Supp. 3d 899, 904 (N.D. Ind. 2018) ("The Court will therefore dismiss these moot allegations for lack of jurisdiction, without prejudice."). In addition, "the law universally disfavors dismissing an action with prejudice based on lack of standing, and there is a strong presumption that such a dismissal is improper." *Univ. of Pittsburgh v. Varian Med. Sys., Inc.*, 569 F.3d 1328, 1333 (Fed. Cir. 2009).

However, even cases dismissed for lack of standing are sometimes dismissed with prejudice. "Ordinarily, dismissal for lack of standing is without prejudice. On occasion, however,

a dismissal with prejudice is appropriate, especially where it is plainly unlikely that the plaintiff will be able to cure the standing problem." *Fieldturf, Inc. v. Sw. Recreational Indus., Inc.*, 357 F.3d 1266, 1269 (Fed. Cir. 2004) (internal quotation, citations, and brackets omitted). Indeed, in *Kimberly-Clark Worldwide Inc. v. First Quality Baby Products LLC*, Case No. 14-cv-1466, 2017 WL 481434, (E.D. Wis. Jan. 1, 2017), cited by Defendants, the court found the case to be the "rare case where dismissal for lack of subject matter jurisdiction with prejudice is appropriate." *Id.* at *2. Because the *Kimberley-Clark* Plaintiff "[would] not be able to cure that defect and bring subsequent actions involving the former . . . patent," the court determined that the "Patent Claim [would] therefore be dismissed with prejudice." *Id.* But as expressed at the hearing, the Court is concerned that dismissal with prejudice would have consequences, potentially on the entirety of the two patents at issue, including claims not adjudicated in this Court or before the PTAB. Its effect upon any enforcement of substantially similar claims in a reissued patent are not clear either. The Court is wary of inadvertently barring future actions that could otherwise have properly come before this Court or other courts. There is no justification to undertake the risk of such broad unintended consequences. As a result, the Court finds dismissal with prejudice to be improper.

For that reason, the Court **ORDERS** that the dismissal of Plaintiff's claims will be without prejudice.

3. Defendant Ciena's Counterclaims

As noted in Plaintiff's Motion to Dismiss, "one of the Defendants, Ciena, asserted counterclaims seeking declaratory relief (non-infringement and invalidity) with respect to the Patents-in-Suit." MTD at 4; *see also* Docket No. 155. Plaintiff urges that these claims "be dismissed without prejudice for lack of jurisdiction/mootness – as they seek declaratory relief directed to the validity and infringement of the '368 and '678 Patent claims . . . which have all been formally cancelled by the USPTO." MTD at 4. And Defendant Ciena is in agreement: "Ciena respectfully requests that, if the Court enters the judgment requested above on Capella's infringement counts, it also dismiss these counterclaims without prejudice pursuant to Fed. R. Civ. Pro. 41(a)(2)." Opposition at 5 (citing Fed. R. Civ. Pro. 41(c) (applying Rule 41 to

6

1 counterclaims)).

2 Consequently, the Court **DISMISSES** Defendant Ciena's counterclaims without prejudice.

3     4. <u>Prevailing Party Status and Statutory Costs</u>

Lastly, Defendants contend that they "are the prevailing party in these litigations," Opposition at 5, and—as a result—they request that the Court "award statutory costs to Defendants," Opposition at 1. Rule 54(d) of the Federal Rules of Civil Procedure states: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. Pro 54(d). Within the context of patent litigation, the law of the Federal Circuit determines prevailing party status. *See Manildra Mill. Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1181 (Fed. Cir. 1996). To be a prevailing party, a party must "at least . . . obtain a court order materially changing the legal relationship of the parties." *Raniere v. Microsoft Corp.*, 887 F.3d 1298, 1304 (Fed. Cir. 2018). This change must be marked by "judicial *imprimatur*," such that there has been "a judicially sanctioned change in the legal relationship of the parties." *CRST Van Expedited, Inc. v. E.E.O.C.*, 136 S. Ct. 1642, 1646 (2016) (internal quotations omitted) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 604–05 (2001)).

In addition, "the Supreme Court recently clarified . . . that a defendant need not obtain a favorable judgment *on the merits* in order to be a prevailing party." *Raniere*, 887 F.3d at 1304 (citing *CRST Van Expedited, Inc. v. E.E.O.C.*, 136 S. Ct. 1642, 1651 (2016)) (emphasis added). A district court's dismissal *with prejudice* of a party's infringement suit is "tantamount to a decision on the merits, making it sufficient to establish" who was the prevailing party. *Raniere*, 887 F.3d at 1307. Conversely, "a plaintiff's voluntary dismissal *without prejudice* pursuant to Rule 41(a)(1)(i) does not bestow 'prevailing party' status upon the defendant." *RFR Indus., Inc. v. Century Steps, Inc.*, 477 F.3d 1348, 1353 (Fed. Cir. 2007). Where a Court dismisses a case without prejudice, the ruling is insufficient to confer prevailing party status; that is because dismissal without prejudice "does not constitute a change in the legal relationship of the parties because the plaintiff is free to refile its action." *Id.*; *see also Transp. Techs.*, 2019 WL 2058630, at \*3 ("Defendant fails to cite any case, nor was the Court able to find any case, where a court granted prevailing party status to a

defendant when the case was dismissed on jurisdictional grounds without prejudice."). While the IPR proceedings before the PTAB did change the legal relationship between the parties, recovery of costs therein must be decided in those proceedings, not in this Court. Thus, the Court declines to bestow prevailing party status upon Defendants in this litigation.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Dismiss Plaintiffs' claims without prejudice. The Court **DISMISSES** Defendant Ciena's counterclaims without prejudice. Finally, the Court **DENIES** Defendants' request to be declared prevailing parties and, as a result, declines to award Defendants statutory costs.

This order disposes of Docket No. 221.

**IT IS SO ORDERED**.

Dated: September 6, 2019

_____
EDWARD M. CHEN
United States District Judge

8