UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAPELLA PHOTONICS, INC., <br> Plaintiff, <br> v. <br> CISCO SYSTEMS INC, et al., <br> Defendants. | Case No. 14-cv-03348-EMC <br><br> **ORDER DENYING DEFENDANTS' MOTION FOR RELIEF AND AWARDING COSTS** <br><br> Docket No. 227 |

## I. INTRODUCTION

Plaintiff Capella Photonics, Inc. brought patent infringement claims against four Defendants. In 2014, one of the Defendants filed a petition with the Patent Trial and Appeal Board ("PTAB") seeking institution of *inter partes* review on the challenged claims. After the claims were cancelled by the PTAB (an outcome affirmed by the Federal Circuit), this Court granted Plaintiff's Motion to Dismiss Plaintiffs' claims without prejudice and dismissed Defendant Ciena's counterclaims without prejudice (on September 6, 2019). The Court also denied Defendants' request to be declared prevailing parties and, as a result, declined to award Defendants statutory costs. *See* Docket No. 226. Following a decision by the Federal Circuit on October 9, 2019 (in which that court affirmed the award of prevailing party status and statutory costs in a case factually similar to the instant case), Defendants filed a Motion for Relief from an Order and a Renewed Request to Be Declared Prevailing Parties and Awarded Costs. *See* Docket No. 227.

## II. BACKGROUND

According to Plaintiff, "Capella is a pioneer of optical switching technology used in optical transmission networks by the telephone, Internet, and cable television industries." Motion to Dismiss ("MTD") at 3, Docket No. 221. The company has "an extensive of [sic] portfolio of patents on optical switching devices." *Id.* This case is a consolidated patent infringement case that was originally filed as several cases in the Southern District of Florida in 2014. *See* Docket No. 1; Docket No. 111. Plaintiff "alleged that each respective Defendant infringed U.S. Patent Nos. RE42,368 (the ''368 Patent') and RE42,678 (the ''678 Patent')." Opposition to Motion to Stay or in the Alternative to Amend at 6, Docket No. 209. Plaintiff served infringement contentions on those patents, and Defendants served invalidity contentions. *Id.* On July 15, 2014, one of the Defendants filed a petition with the PTAB seeking institution of *inter partes* review ("IPR") proceedings on the then asserted claims. *Id.* In July 2014, the case was transferred to this Court from the Southern District of Florida. *See* Order Granting Defendants' Motion to Transfer, Docket No. 77.

In March 2015, the Court stayed this case pending the PTAB's IPR Proceedings. Docket No. 172. Between January 2016 and October 2016, the PTAB determined that all of Plaintiff's claims identified in its preliminary infringement contentions for the '368 and '678 patents were invalid. Motion to Stay or in the Alternative to Amend at 7 ("MTS"), Docket No. 205. The Federal Circuit affirmed that determination in February 2018. MTS at 7. Plaintiff then exhausted its appeals on November 5, 2018 when the Supreme Court denied its petition for writ of certiorari. *Id.* "On December 10, 2018, the PTO issued IPR certificates cancelling claims 1-6, 9-13 and 15-22 of the '368 Patent and claims 1-4, 9, 10, 13, 17, 19-23, 27, 29, 44-46, 53 and 61-65 of the '678 Patent." MTS at 17; Becker Declaration ¶ 11, Docket No. 205–1. This effectively eliminated all the claims asserted by Plaintiff in the instant case. Other claims of the '368 and '678 patents were not adjudicated by the PTAB.

Meanwhile, "[o]n June 29, 2018, before the PTO cancelled the challenged claims," Plaintiff filed reissue applications. MTS at 7. Plaintiff asserts that the "[c]laims in these newly reissued patents that are substantially identical with the original claims will constitute a

2

1  continuation of the original Reissue Patents-in-Suit and have effect continuously from their
2  original date of issuance." *Id.* at 2. Plaintiff asked the Court to extend the imposed stay until after
3  a determination on the reissue application. On June 4, 2019, the Court denied Plaintiff's Motion
4  to Extend Stay and its subsequent request to amend its infringement contentions to include claims
5  not brought in the IPR proceedings. Docket No. 219. The Court also denied Defendants' motion
6  to dismiss for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *Id.*

Plaintiff then brought a Motion to Dismiss Actions Without Prejudice as Moot and for Lack of Jurisdiction. *See* Docket No. 221. Plaintiff's contention was that "[a]s a result of the cancellation of all of Capella's asserted patent claims and this Court's subsequent rulings prohibiting Capella from adding new infringement claims of the Patents-in-Suit that have not been cancelled, these actions are moot and the Court no longer has subject matter jurisdiction." *Id.* at 3. Defendants argued that the matter should be dismissed with prejudice. Defendants' Opposition to Motion to Dismiss at 1, Docket No. 223. Defendants requested that the Court "deny Plaintiff's motion and enter summary and/or final judgment in Defendants' favor on Plaintiff's infringement counts pursuant to Federal Rules of Civil Procedure 54, 56, and/or 58 and award statutory costs to Defendants." *Id.* On September 6, 2019, the Court granted Plaintiff's Motion to Dismiss Plaintiffs' claims without prejudice and denied Defendants' request to be declared prevailing parties; as a result, it declined to award Defendants statutory costs. *See* Docket No. 226.

### III. DISCUSSION

A. Legal Standard

Rule 60(b) permits a court to provide relief from final judgment, order, or proceeding on several different grounds. Fed. R. Civ. P. 60(b). Rule 60(b)(6) specifically provides that a court may grant relief from a final judgment, order, or proceeding for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). This catch-all provision has been narrowly construed. *Hoffman v. Lloyd*, No. C-12-0198 EMC, 2012 WL 4857799, at *3 (N.D. Cal. Oct. 11, 2012). Moreover, relief under Rule 60(b)(6) is reserved for cases in which there are extraordinary circumstances. *See Lal v. State of Cal.,* 610 F.3d 518, 524 (9th Cir. 2010) (stating that Rule 60(b)(6) is used "sparingly as an equitable remedy to prevent manifest injustice" and explaining that to receive

relief under the rule "a party must demonstrate 'extraordinary circumstances which prevented or rendered him unable to prosecute [his case]'").

A change in law may sometimes "constitute[] a ground for re-opening a final judgment." *Styers v. Ryan*, 632 F. App'x 329, 331 (9th Cir. 2015); *see also Henson v. Fid. Nat'l Fin., Inc.*, 943 F.3d 434, 444 (9th Cir. 2019) ("We have previously recognized that a change in the controlling law can— but does not always—provide a sufficient basis for granting relief under Rule 60(b)(6)."). However, "a subsequent change in the law cannot itself constitute an extraordinary circumstance sufficient to entitle the district court to vacate a final judgment on its own initiative." *Clifton v. Attorney Gen. of State of Cal.*, 997 F.2d 660, 665 (9th Cir. 1993). Instead, a district court must weigh several factors:

> To decide whether a change in law constitutes a ground for re-opening a final judgment, a court must find extraordinary circumstances and may consider whether (1) the intervening change in law overruled an otherwise settled legal precedent in petitioner's favor; (2) the petitioner was diligent in pursuing the issue; (3) the final judgment caused one or more of the parties to change his position in reliance on the judgment; (4) there is delay between the finality of the judgment and the motion for Rule 60(b)(6) relief; (5) there is a close connection between the original and intervening decisions at issue in the Rule 60(b) motion; and (6) relief from judgment would upset the principles of comity governing the interaction between coordinate sovereign judicial systems.

*Styers*, 632 F. App'x at 331 (citing *Phelps v. Alameida,* 569 F.3d 1120, 1135–40 (9th Cir.2009); *see also Henson*, 943 F.3d at 440 (finding it appropriate to apply the *Phelps* factors in a non-habeas context). The Ninth Circuit has also emphasized that, in addition to these factors, "courts must consider all of the relevant circumstances surrounding the specific motion before the court in order to ensure that justice be done in light of all the facts." *Henson*, 943 F.3d at 440.

B.  Motion for Relief

    1.  Change in Law

The threshold question is whether there has been a change in the law. *Henson*, 943 F.3d at 446 ("The first *Phelps* factor considers the nature of the intervening change in the law."). The Ninth Circuit has concluded that both a change in the law that settles a previously unsettled issue as well as a decision that overturns an area of settled law may favor granting relief. *Id.* However,

4

instead of adopting a rote approach in which "any particular type of change in the law favors or disfavors relief," the Ninth Circuit has stated that "a district court should weigh whether the specific nature of the change in the law in the case before it makes granting relief more or less justified under all of the circumstances, and should support its conclusion with a reasoned explanation grounded in the equitable considerations raised by the case at bench." *Id.*

Defendants seek relief because of a recently issued decision from the Federal Circuit—*B.E. Technology, L.L.C. v. Facebook, Inc.*, 940 F.3d 675 (Fed. Cir. 2019). *See* Motion for Relief ("Mot.") at 1, Docket No. 227. In *B.E. Technology*, Plaintiff brought an infringement suit against Facebook, which filed a petition for *inter partes* review of the asserted claims. *B.E. Technology*, 940 F.3d at 676. The PTAB found the claims unpatentable, and the Federal Circuit affirmed. *Id.* Facebook then sought dismissal of the claims with prejudice at the district court, but the district court dismissed for mootness in light of the cancellation of the claims by the Board. *Id.* at 676–77. The district court then awarded costs to Facebook[1] and affirmed a determination by the Clerk of the Court that $4,424.20 in costs were to be taxed against B.E. Technology. *Id.* at 677. As the Federal Circuit explained, in affirming the Clerk's award of costs, the district court (relying on *CRST Van Expedited, Inc. v. E.E.O.C.*, 136 S. Ct. 1642 (2016)) held that "although the case was dismissed for mootness, Facebook 'obtained the outcome it sought: rebuffing B.E.'s attempt to alter the parties' legal relationship. The court thus held Facebook to be the prevailing party.'" *Id.* (internal citations omitted) (quoting the district court's opinion).

In affirming the district court's decision, the Federal Circuit agreed with Facebook's contention that "the district court properly determined that it was the prevailing party because it successfully rebuffed B.E.'s claims. . . . [and] the court's dismissal of the case, albeit not on the merits, provided the required judicial *imprimatur*." *Id.* The Federal Circuit relied on *CRST* to conclude that "a defendant can be deemed a prevailing party even if the case is dismissed on procedural grounds rather than on the merits." *Id.* at 678 (citing *CRST*, 136 S. Ct. at 1653). It also

---

[1] "[T]he court initially declined to award Facebook costs because the request was lodged before entry of judgment, [but] Facebook renewed its motion for costs after judgment was entered, and . . . the district court awarded costs under Rule 54(d)." *B.E. Technology*, 940 F.3d at 677.

relied on *CRST* to reject B.E.'s argument that—because "mootness has no preclusive effect"—the dismissal "could not alter the legal relationship between the parties." *Id.* at 679. The Federal Circuit concluded that Facebook was the prevailing party because "Facebook obtained the outcome it sought via the mootness dismissal; it rebuffed B.E.'s attempt to alter the parties' legal relationship in an infringement suit. This is true even though the mootness decision was made possible by a winning a battle on the merits before the PTO." *Id.*

In this Court's prior order declining to declare Defendants the prevailing party, the Court explained:

> To be a prevailing party, a party must "at least . . . obtain a court order materially changing the legal relationship of the parties." *Raniere v. Microsoft Corp.*, 887 F.3d 1298, 1304 (Fed. Cir. 2018). This change must be marked by "judicial *imprimatur*," such that there has been "a judicially sanctioned change in the legal relationship of the parties." *CRST Van Expedited, Inc. v. E.E.O.C.*, 136 S. Ct. 1642, 1646 (2016) (internal quotations omitted) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 604–05 (2001)).

Docket No. 226 at 7. Because dismissal without prejudice was not a court order that changed the legal relationship between the parties, the Court concluded that its "ruling [was] insufficient to confer prevailing party status." *Id.* It appears the Court's conclusion is inconsistent with *B.E. Technology*.

While Plaintiff contends that *B.E. Technology* does not represent a change in the law (because it relied on precedent and affirmed the lower court's decision), *see* Plaintiff's Opposition to Motion for Relief ("Opp.") at 3, Docket No. 230, several factors suggest that it does represent a clarification of previously unsettled law, if not a change in law. The Federal Circuit's decision in *B.E. Technology* would likely have persuaded the Court to rule differently; at the time, there was no appellate authority on point. *See* Transcript of Proceedings from December 4, 2019 ("Relief Hearing") at 15, Docket No. 237-2 ("[H]aving a Federal Circuit decision that's very close on point, except for the reissuance factor, is pretty convincing."). In addition, at the hearing on the Motion to Dismiss, Plaintiff's counsel could only point to a decision from the Central District of California which held that there could be no prevailing party when a case was dismissed as moot. *See* Transcript of Proceedings from August 30, 2019 ("MTD Hearing") at 15, Docket No. 229

6

(referring the Court to *Transp. Techs., LLC v. Los Angeles Metro. Transportation Auth.*, No. CV 15-6423-RSWL-MRW, 2019 WL 2058630, at *3 (C.D. Cal. May 8, 2019) ("Defendant fails to cite any case, nor was the Court able to find any case, where a court granted prevailing party status to a defendant when the case was dismissed on jurisdictional grounds without prejudice.")). Under *Henson*, this factor favors granting relief.

### 2. Diligence in Pursuing Relief

"The second *Phelps* factor is the petitioner's exercise of diligence in pursuing his claim for relief." *Henson*, 943 F.3d at 449. Here, Defendants contend that they were diligent in pursuing relief because they filed their Motion for Relief less than two weeks after the *B.E. Technology* decision. Mot. at 3. However, *Henson* found that the petitioner in *Phelps* was diligent because "he had pursued 'all possible avenues' in advocating for his legal position, including securing a certificate of appealability, filing petitions for rehearing en banc and certiorari, and filing motions for reconsideration." *Henson*, 943 F.3d at 449 (citing *Phelps*, 569 F.3d at 1136–37). Defendants in this case did not request leave to file a motion for reconsideration, did not file an appeal, and did not notify the Court of the district court's decision in *B.E. Technology* or the pendency of its appeal. Opp. at 4–5.

While it is true the Defendants moved shortly after the Federal Circuit's decision, Defendants did not pursue "all possible avenues" in pursuit of their legal goals. *See Henson*, 943 F.3d at 449 (citing *Phelps*, 569 F.3d at 1136–37); *see also Ackermann v. United States*, 340 U.S. 193, 198 (1950) ("Petitioner cannot be relieved of such a choice [not to appeal] because hindsight seems to indicate to him that his decision not to appeal was probably wrong . . . . There must be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved from."). Accordingly, this factor weighs slightly against granting relief.

### 3. Reliance Interest in the Finality of the Case

"The third factor . . . considered in *Phelps* is whether granting the Rule 60(b) motion for relief from judgment would upset 'the parties' reliance interest in the finality of the case.'" *Henson*, 943 F.3d at 450 (quoting *Phelps*, 569 F.3d at 1137). This factor examines not some "abstract interest in finality" but "whether 'the final judgment being challenged has caused one or

7

1   more of the parties to change his legal position in reliance on that judgment' such that granting the
2   motion for relief would 'undo the past, executed effects of the judgment.'" *Id.* (quoting *Phelps*,
3   569 F.3d at 1137–38) (noting the installation of pipes upon land conveyed by judgment or release
4   from custody after a new trial as examples of reliance interests that might qualify). On the one
5   hand, Defendants contend that granting relief "would not impact the finality of dismissal" or
6   "disrupt the merits of the case." Mot. at 3. On the other hand, Plaintiff argues that it would be
7   "severely and unfairly" prejudiced because it believes that "the present motion can only be driven
8   by Defendants' desire to seek attorney's fees" rather than "whatever modest amount of money
9   they might seek to extract as litigation costs"; Plaintiff speculates that such efforts could result in
10  years of additional briefing and appeals. *Id.* at 5–6. However, neither party indicates that it has
11  changed its legal position in reliance on the Court's earlier order. *Henson*, 943 F.3d at 450. Thus,
12  the third factor weighs in favor of granting relief.

13       4.     <u>Delay Between the Judgment and the Rule 60(b) Motion</u>

14  "The fourth *Phelps* factor 'examines the delay between the finality of the judgment and the
15  motion for Rule 60(b)(6) relief.'" *Henson*, 943 F.3d at 451–52 (quoting *Phelps*, 569 F.3d at
16  1138). The key idea is that "a change in the law should not indefinitely render preexisting
17  judgments subject to potential challenge." *Id.* (quoting *Jones v. Ryan*, 733 F.3d 825, 840 (9th Cir.
18  2013)). Defendants note that their Motion for Relief was filed "only six weeks after the Court's
19  September 6, 2019 dismissal." Mot. at 3. Plaintiff does not contest this point, and it, too, weighs
20  in favor of granting relief. *See, e.g.*, *Lawson v. Grubhub, Inc.*, No. 15-CV-05128-JSC, 2018 WL
21  6190316, at *6 (N.D. Cal. Nov. 28, 2018) (finding "no significant delay" where six months
22  elapsed between judgment and the filing of the Rule 60(b) motion and noting that other cases have
23  accepted four- and nine-month delays). However, the *Henson* court emphasizes that the correct
24  analysis focuses on the length of time between the time when the original judgment became final
25  after appeal (as opposed to when it was originally entered) and the filing of the Rule 60(b) motion.
26  *See Henson*, 943 F.3d at 452. Although no appeal was taken here, under the Federal Rules of
27  Appellate Procedure, the parties had 30 days from September 6, 2019 to appeal the Court's
28  dismissal, Fed. R. App. P. 4(a)(1)(A); thus, were the Court to measure the time between the

closing of the appellate window and the filing of the Motion for Relief, the time elapsed prior to the filing of the motion would be even shorter than the six weeks indicated by Defendants.

5. Relationship Between the Original Judgment and the Change in the Law

"The fifth *Phelps* factor 'looks to the closeness of the relationship between the decision resulting in the original judgment and the subsequent decision that represents a change in the law.'" *Henson*, 943 F.3d at 452 (quoting *Jones*, 733 F.3d at 840). This factor recognizes that "legal rules and principles inevitably shift and evolve over time, but the mere fact that they do so cannot upset all final judgments that have predated any specific change in the law." *Id.* (quoting *Phelps*, 569 F.3d at 1139); *see also Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008) ("Th[e] [extraordinary circumstances] requirement exists in order to balance the broad language of Rule 60(b)(6), which allows courts to set aside judgments for 'any' reason justifying relief, with the interest in the finality of judgments."). As the Ninth Circuit explained in *Phelps*, "if there is a close connection between the two cases, the court will be more likely to find the circumstances sufficiently extraordinary to justify disturbing the finality of the original judgment." *Phelps*, 569 F.3d at 1139 (internal brackets and quotation marks omitted).

Here, there is a close relationship between this Court's decision about prevailing party status and the *B.E. Technology* decision. *B.E. Technology* is directly on point. Had it been decided earlier, *B.E. Technology* would have been the circuit authority for which this Court was searching. Consequently, this factor also weighs in favor of granting relief.

6. Concerns of Comity

"The sixth *Phelps* factor considers concerns of comity." *Henson*, 943 F.3d at 453 (citing *Jones*, 733 F.3d at 840). However, the *Henson* court explained that "considerations of comity between the independently sovereign state and federal judiciaries that we discussed in *Phelps* do not apply . . . [where a] case does not involve a federal habeas petition that challenges a state conviction." *Id.* at 453 (internal quotation marks omitted). Where that is the case, the district court should "skip[] the *Phelps* comity factor as inapplicable." *Id.*; *see also* Opp. at 3 n.1 ("comity is plainly not a factor where a federal court is deciding issues related to patent infringement"). As a result, this factor is immaterial to the analysis here.

9

### 7. Other Considerations

Although the *Phelps* factors weigh in favor of relief, the *Phelps* factors "were not intended to be a rigid or exhaustive list." *Henson*, 943 F.3d at 446. Instead, *Henson* invited consideration of additional factors that may be relevant to the individual circumstances of the case. *See id.* at 453–54. Rule 60(b)(6) gives the district court power to vacate judgments "whenever such action is appropriate to accomplish justice. *Id.* (citing *United States v. Sparks*, 685 F.2d 1128, 1130 (9th Cir. 1982)). Here, Defendants seek relief for a *non-merits* reason and say very little about why such relief is critical to "accomplish justice" in this instance. Being declared prevailing parties would simply enable Defendants to seek statutory costs and potentially recover attorneys' fees. *See* Mot. at 1; *see also* Transcript at 10 ("Well, obviously, being declared prevailing party also would entitle the defendants to file a motion for attorneys' fees."). Neither party has identified any other legal consequence were relief granted. Defendants themselves characterize the request for relief as one merely seeking a "minor correction that we believe is an injustice," Transcript at 12, and as simply the "proper closure to this case." Defendants' Supplemental Brief at 1, Docket No. 237. But minor corrections do not normally rise to the level of "extraordinary circumstances" warranting relief from finality under Rule 60(b). *See, e.g.*, *Cohen v. United States*, No. CR-03-0342-PHX-JAT, 2010 WL 1962059, at *1 (D. Ariz. May 14, 2010) ("Movant does not argue any extreme hardship or injustice that would warrant consideration. Accordingly, his motion should be denied."). Thus, this factor strongly weighs against granting relief.

### 8. Conclusion

In addition to the *Phelps* factors, the Court must consider whether granting relief under Rule 60 is appropriate to "accomplish justice" in this case. As Defendants have characterized the relief sought as a "minor correction" and have not explained how the Court's prior order has caused or will cause them any "extreme hardship" other than being denied statutory costs, the circumstances of this case are therefore not sufficiently extraordinary "that granting relief from judgment here 'is appropriate to accomplish justice.'" *Henson*, 943 F.3d at 455 (quoting *Phelps*, 569 F.3d at 1135).

C. <u>Statutory Costs</u>

Since the Court declines to provide relief under Rule 60(b)(6), it declines to award prevailing party status or statutory costs to Defendants.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court **DENIES** Defendant's Motion for Relief and declines to award statutory costs.

This order disposes of Docket No. 227.

**IT IS SO ORDERED**.

Dated: December 31, 2019

_____
EDWARD M. CHEN
United States District Judge